12-4333-cv
*Lederman v. N.Y.C. Dep't of Parks & Recreation*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

August Term 2013

(Submitted:  August 23, 2013    Decided:  September 25, 2013)

Docket No. 12-4333-cv

_____

ROBERT LEDERMAN, JACK NESBITT,

*Plaintiffs-Appellants*,

v.

NEW YORK CITY DEPARTMENT OF PARKS AND RECREATION, as a Municipal agency, ADRIAN BENEPE, Commissioner, in his individual and official capacity as Parks Commissioner, CITY OF NEW YORK, as a municipality, MICHAEL BLOOMBERG, Honorable Mayor, in his individual and official capacity,

*Defendants-Appellees*.

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

_____

Before:

CABRANES, HALL, and CHIN, *Circuit Judges*.

_____

Appeal from a judgment of the United States District Court for the Southern District of New York (Richard J. Sullivan, *J.*) granting defendants-appellees' motion for summary judgment, and dismissing the complaint in this First Amendment challenge to regulations governing the sale of expressive matter in New York City parks. Plaintiffs-appellants also challenge the District Court's protective order barring them from deposing the Mayor and a former deputy mayor of the City of New York.

AFFIRMED.

——————————————

JULIE MILNER, Milner Law Office, Elmhurst, New York, *for Plaintiffs-Appellants*.

JULIE STEINER (Edward F.X. Hart and Sheryl Neufeld, *on the brief*), New York City Law Department, New York, New York, *for* Michael A. Cardozo, Corporation Counsel of the City of New York, *for Defendants-Appellees*.

——————————————

CHIN, *Circuit Judge*:

Plaintiffs-appellants Robert Lederman and Jack Nesbitt appeal from a judgment of the United States District Court for the Southern District of New York (Richard J. Sullivan, *J.*), granting summary judgment to defendants-

appellees New York City Department of Parks and Recreation, former Parks Commissioner Adrian Benepe, the City of New York, and Mayor Michael Bloomberg (collectively, the "City"), dismissing the complaint. Plaintiffs also appeal from the District Court's June 1, 2011 order granting the City's motion for a protective order under Fed. R. Civ. P. 26(c). We affirm.

*BACKGROUND*

Plaintiffs are "visual artists" who sell their works on sidewalks and in public parks in New York City. Over the years, the City has attempted to regulate the sales of "expressive matter" -- including books, art, sculpture, and photos -- in certain parts of New York City, and plaintiffs have challenged the City's efforts on First Amendment grounds. *See, e.g.*, *Bery v. City of New York*, 97 F.3d 689 (2d Cir. 1996); *Lederman v. Giuliani*, No. 98 Civ. 2024 (LMM), 1998 WL 186753 (S.D.N.Y. Apr. 17, 1998).

Between 2001 and 2010, the number of expressive-matter vendors increased significantly in certain City parks. In 2010, the City revised the vending regulations in response to this increase. *See* 56 Rules of the City of New York ("R.C.N.Y.") §§ 1-02, 1-05. Under the revised regulations, expressive-matter vendors may generally vend, without a permit, anywhere in the City's parks,

-3-

provided they comply with certain minimum requirements relating to their activities, such as restrictions on the size and placement of their vending tables. *See id.* § 1-05(b)(4)-(8). To sell their wares in Union Square Park, Battery Park, High Line Park, and portions of Central Park, however, expressive-matter vendors may only vend in a limited number of designated spots, allocated on a non-discretionary first-come, first-served basis. *See id.* § 1-06(b)(2)-(3). Plaintiffs commenced this action to challenge the 2010 revisions.

During discovery, plaintiffs sought to take the depositions of Mayor Bloomberg and former Deputy Mayor Edward Skyler. On June 1, 2011, the District Court issued a protective order barring those depositions.

On September 30, 2012, the District Court granted summary judgment to defendants, dismissing the complaint and holding, *inter alia*, that the 2010 revisions did not violate the First Amendment. *See Lederman v. N.Y.C. Dep't of Parks & Recreation*, 901 F. Supp. 2d 464, 479 (S.D.N.Y. 2012).

This appeal followed.

### *DISCUSSION*

On appeal, plaintiffs contest: (1) the District Court's holding that the vending regulations are valid content-neutral time, place, and manner

restrictions; and (2) the District Court's order barring the depositions of Mayor Bloomberg and former Deputy Mayor Skyler.  We review an order granting summary judgment *de novo* and "resolv[e] all ambiguities and draw[ ] all permissible factual inferences in favor of the party against whom summary judgment is sought." *Burg v. Gosselin*, 591 F.3d 95, 97 (2d Cir. 2010) (quoting *Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009)).  We review an order granting a protective order for abuse of discretion, which we will find only if the district court's decision rests on an error of law or a clearly erroneous finding of fact, or if the decision cannot be located within the range of permissible outcomes.  *See S.E.C. v. TheStreet.Com*, 273 F.3d 222, 228 & n.6 (2d Cir. 2001).

## A.  Summary Judgment

Expressive matter sold in public places is entitled to full First Amendment protection.  *Bery v. City of New York*, 97 F.3d 689, 696 (2d Cir. 1996). Even in public forums, however, the government may impose reasonable content-neutral restrictions on the time, place, or manner of protected speech. *Hous. Works, Inc. v. Kerik*, 283 F.3d 471, 478 (2d Cir. 2002) (citing *Ward v. Rock Against Racism*, 491 U.S. 781, 791 (1989)).

The Supreme Court has held that "the principal inquiry in determining content neutrality . . . is whether the government has adopted a regulation of speech because of [agreement or] disagreement with the message it conveys." *See Turner Broad. Sys., Inc. v. F.C.C.*, 512 U.S. 622, 642 (1994) (alteration in original) (citation and internal quotation marks omitted). "[L]aws that confer benefits or impose burdens on speech without reference to the ideas or views expressed are in most instances content neutral." *Id.* at 643.

Content-neutral time, place, and manner restrictions are subject to intermediate scrutiny. *Mastrovincenzo v. City of New York*, 435 F.3d 78, 98 (2d Cir. 2006). Such restrictions pass constitutional muster if they are narrowly tailored to serve a significant government interest, while leaving open ample alternative channels for communication of the information. *Id.*; *see Watchtower Bible & Tract Soc'y of New York, Inc. v. Village of Stratton*, 536 U.S. 150, 175 (2002).

Plaintiffs argue, as they did before the District Court, that the vending regulations are content-based restrictions, which lack proper justification and are unduly restrictive. We agree with the District Court that the regulations are content-neutral restrictions that operate within constitutional limits.

The vending regulations apply to all expressive-matter vendors, regardless of the message the vendors' wares convey. They were passed not in an attempt to suppress vendors' ability to market their wares, but to fill a gap in the larger regulatory scheme governing vending on Parks Department property.

The City's interests here -- alleviating congestion and improving circulation, promoting the aesthetics of the parks, and ensuring that the parks are available to the public for a wide range of activities -- are indisputably significant. The regulations are narrowly tailored because the City imposed spot designations only in the most heavily used areas, while leaving all remaining park areas open for vending. *See* R.C.N.Y. § 1-05(b)(2)-(3). Moreover, the regulations allocate spot designations on a first-come, first-served basis without reference to the ideas or views expressed in the materials in question.

Accordingly, we affirm the judgment of the District Court substantially for the reasons articulated in the District Court's thorough and well-reasoned opinion.

## B.    *Protective Order*

Plaintiffs also contend that the District Court erred by issuing a protective order in response to their request to depose Mayor Bloomberg and former Deputy Mayor Skyler.

Under Rule 26(c), a "party . . . may move for a protective order . . . to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . forbidding the disclosure or discovery."  Fed. R. Civ. P. 26(c)(1).

In *United States v. Morgan*, 313 U.S. 409, 422 (1941), the Supreme Court long ago expressed concern that the District Court had required a high-ranking government official -- the Secretary of Agriculture -- to submit to a deposition.  Since then, courts have relied on *Morgan* to hold that a high-ranking government official should not -- absent exceptional circumstances -- be deposed or called to testify regarding the reasons for taking official action, "including the manner and extent of his study of the record and his consultation with subordinates."  *Id.*; *see Bogan v. City of Boston*, 489 F.3d 417, 423 (1st Cir. 2007); *In re United States (Holder)*, 197 F.3d 310, 313-14 (8th Cir. 1999); *In re FDIC*, 58 F.3d 1055, 1060 (5th Cir. 1995); *In re United States (Kessler)*, 985 F.2d 510, 512 (11th Cir.

1993); *Franklin Sav. Ass'n v. Ryan*, 922 F.2d 209, 211 (4th Cir. 1991); *Simplex Time Recorder Co. v. Secretary of Labor*, 766 F.2d 575, 586 (D.C. Cir. 1985); *Kyle Eng'g Co. v. Kleppe*, 600 F.2d 226, 231-32 (9th Cir. 1979); *Warren Bank v. Camp*, 396 F.2d 52, 56-57 (6th Cir. 1968). We have not previously addressed this issue in a precedential decision. We now hold that, to depose a high-ranking government official, a party must demonstrate exceptional circumstances justifying the deposition -- for example, that the official has unique first-hand knowledge related to the litigated claims or that the necessary information cannot be obtained through other, less burdensome or intrusive means. *Bogan v. City of Boston*, 489 F.3d 417, 423 (1st Cir. 2007); *In re United States (Holder)*, 197 F.3d 310, 316 (8th Cir. 1999). High-ranking government officials are generally shielded from depositions because they have "greater duties and time constraints than other witnesses." *In re United States (Kessler)*, 985 F.2d 510, 512 (11th Cir. 1993). If courts did not limit these depositions, such officials would spend "an inordinate amount of time tending to pending litigation." *Bogan*, 489 F.3d at 423.

Here, plaintiffs did not demonstrate exceptional circumstances. They did not identify with particularity the information they needed, nor did they contend that Bloomberg and Skyler had first-hand knowledge about the

litigated claims or that the relevant information could not be obtained elsewhere. *See id.* at 423.

Plaintiffs argue that they "had no other means of obtaining the information . . . they needed from then-Commissioner Adrian Benepe" because, "[w]hen deposed, Benepe claimed not to know any of the answers to the questions regarding the information plaintiffs needed from the Mayor and his former Deputy." Plaintiffs did not show, however, that Bloomberg and Skyler had the information they were seeking from Benepe.[1]

We conclude that the District Court did not abuse its discretion in issuing the protective order barring the depositions of Mayor Bloomberg and former Deputy Mayor Skyler.

---

[1] Plaintiffs have not, in any event, preserved for appellate review their principal arguments concerning the protective order. To preserve arguments for appellate review, appellants must include in their briefs their "contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Fed. R. App. P. 28(a)(9)(A). Issues not sufficiently argued will be deemed waived and ineligible for appellate review. *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998). Appellants do not preserve questions for appellate review by "[m]erely incorporating an argument made to the district court" by reference in their brief. *Frank v. United States*, 78 F.3d 815, 833 (2d Cir. 1996), *vacated on other grounds*, 521 U.S. 1114 (1997) (mem.). In their brief, plaintiffs refer to "twelve points" they argued in a "joint letter" submitted to the District Court. Plaintiffs do not, however, elaborate further as to what those "twelve points" are.

-10-

*CONCLUSION*

We have considered all of the parties' remaining arguments on appeal and find them to be without merit.  For the reasons stated above, we **AFFIRM** the judgment of the District Court.