12-4812-cv
*Bennett v. Sterling Planet, Inc.*

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of November, two thousand thirteen.

PRESENT:
> JOHN M. WALKER, JR.,
> JOSÉ A. CABRANES,
> BARRINGTON D. PARKER,
> *Circuit Judges.*

---

KELLY BENNETT,

    *Plaintiff-Appellant,*

      v.                                  No. 12-4812-cv

STERLING PLANET, INC.,

    *Defendant-Appellee-Cross-Appellant.*

---

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | James J. Barriere, Jennifer Kavney Harvey, Couch White, LLP, Albany, NY |
| **FOR DEFENDANT-APPELLEE:** | Mark A. Konkel, Isabella Pei-Ying Lee, John L. Monroe, Jr., Ford & Harrison, LLP, New York, NY and Atlanta, GA |

Appeal from a judgment and order of the United States District Court for the Northern District of New York (Andrew T. Baxter, *Magistrate Judge*).*

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the District Court's August 2, 2012 judgment and November 1, 2012 order are **AFFIRMED**.

Plaintiff-appellant Kelly Bennett appeals from the District Court's August 2, 2012 judgment, awarding her 25,000 shares of stock in defendant-appellee Sterling Planet, Inc.'s holding company, and from the District Court's November 1, 2012 order on the parties' post-trial motions. At issue in this breach-of-contract action is whether the Court erred in awarding plaintiff stock from defendant's holding company rather than from defendant itself. We assume the parties' familiarity with the underlying facts and the procedural history of the case, to which we refer only as necessary to explain our decision to affirm.

## BACKGROUND

In December 2005, plaintiff was offered employment with the company known as "Sterling Planet." The sole Sterling Planet entity in existence at that time was Sterling Planet, Inc. (the "original Sterling Planet"). The original Sterling Planet confirmed plaintiff's offer of employment in a letter dated December 30, 2005, which provided that, upon acceptance of the offer, plaintiff would receive "25,000 shares from the management stock options pool." Plaintiff accepted the offer, and, on March 20, 2006, started her employment with the original Sterling Planet.

In early 2008, Sterling Planet underwent a corporate reorganization. The original Sterling Planet was renamed "Sterling Planet Holdings, Inc." ("Sterling Planet Holdings"), and a new corporation was formed named "Sterling Planet, Inc." (the "new Sterling Planet"). The new Sterling Planet was to serve as the day-to-day operational entity of the company with the entirety of its 100,000 shares wholly owned by Sterling Planet Holdings. As part of the reorganization, all stock in the original Sterling Planet was reissued as Sterling Planet Holdings stock on a share-for-share basis to every stockholder. Plaintiff continued to work for what had then become the new Sterling Planet, until her employment was terminated on July 14, 2009.

Plaintiff filed her breach of contract suit on October 5, 2009, alleging, *inter alia*, that she had not received the 25,000 shares of company stock to which she was entitled. Her suit named as the sole defendant the new Sterling Planet. In the course of considering pretrial motions, the Magistrate Judge learned of the corporate reorganization, prompting him to inquire about which entity would

---

* Pursuant to the provisions of 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, the parties consented to have a United States magistrate judge conduct the trial and enter final judgment.

issue the 25,000 shares to plaintiff should she prevail at trial. On June 21, 2012, defense counsel informed the Court that the appropriate entity to issue stock would be Sterling Planet Holdings, not the defendant (*i.e.*, the new Sterling Planet), which was wholly-owned by Sterling Planet Holdings and had no individual shareholders. Plaintiff objected on the grounds that the defendant had already admitted in its pleadings that it (*i.e.*, the new Sterling Planet) was the entity that had promised to issue the stock, and that defendant should have pleaded an affirmative defense based on the corporate reorganization.

On the eve of trial, defendant orally moved to amend its answer to appropriately reflect each corporate entity's role in the dispute as a result of the corporate reorganization. The Magistrate Judge permitted the defendant to amend its answer to aver that the "stock holdings shifted to . . . Sterling Planet Holdings" and that "the employment relationship with the employees and the day-to-day operations shifted to the operating company, which . . . became [the new] Sterling Planet." Joint App'x 305. The jury ultimately found that defendant was liable for breach of contract, and, as a remedy, the Magistrate Judge awarded plaintiff 25,000 shares of Sterling Planet Holdings stock. The Magistrate Judge reasoned that the reference to the stock in the offer letter—the stock which plaintiff had been originally promised as a condition of her employment—should be understood as referring to stock issued by Sterling Planet Holdings, not by the new Sterling Planet.

Plaintiff filed several post-trial motions, including a Rule 59 motion requesting that the Magistrate Judge alter the judgment and award stock issued by the new Sterling Planet. Defendant filed a motion under Rule 15 seeking to constructively amend its answer to the extent such a motion was necessary. The Magistrate Judge denied plaintiff's motion on the merits and denied defendant's motion as moot in light of the prior amendment.

This appeal followed.

### DISCUSSION

Both parties agree that specific performance of the contract is the proper remedy, but disagree as to the identity of the stock to which plaintiff is entitled.[1] We review a district court's award of specific performance for abuse of discretion. *See Abrahamson v. Bd. of Educ. of Wappingers Falls Cent. Sch. Dist.*, 374 F.3d 66, 76 (2d Cir. 2004); *see also In re Sims*, 534 F.3d 117, 132 (2d Cir.

---

[1] We note at the outset that plaintiff has not challenged two aspects of the District Court's award of Sterling Planet Holdings stock. The first is whether the Court had the authority to award assets belonging to a third party under the various doctrines of corporate identity, such as "veil-piercing" and "alter ego" liability. The second is whether the Magistrate Judge's adjudication of damages violated the right to a jury trial in certain civil cases under the Seventh Amendment. Since plaintiff has not raised such issues in her briefs, we assume, without deciding, that the District Court did not exceed the bounds of its authority on these issues, and will consider only the specific challenges plaintiff has actually raised in this Court. *See Lederman v. N.Y.C. Dep't of Parks & Recreation*, --- F.3d ----, 2013 WL 5340475, at *3 n.1 (2d Cir. Sept. 25, 2013) ("Issues not sufficiently argued will be deemed waived and ineligible for appellate review.").

2008) (explaining the term of art "abuse of discretion" as a ruling based on "an erroneous view of the law or on a clearly erroneous assessment of the evidence, or . . . a decision that cannot be located within the range of permissible decisions" (internal quotation marks and alteration omitted)). In a diversity case, where the parties have agreed to the application of the forum law—as evidenced by reliance on that law in the parties' briefing, as in this case—their agreement ends the choice-of-law inquiry. *See Am. Fuel Corp. v. Utah Energy Dev. Co.*, 122 F.3d 130, 134 (2d Cir. 1997).

Under New York law, it is fundamental "that damages for breach of contract should put the plaintiff in the same economic position he would have been in had the defendant fulfilled the contract." *Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 262 (2d Cir. 2002). The judgment of the District Court was wholly in line with this precept. Had the old Sterling Planet timely complied with the terms of its offer letter, plaintiff would have been given 25,000 of the millions of shares issued by the original Sterling Planet, all of which were later re-issued by Sterling Planet Holdings. By requesting 25,000 shares of the 100,000 shares issued by the new Sterling Planet, plaintiff now seeks to become the only individual shareholder in the operating subsidiary and, in essence, a one-quarter owner of that company. Such a result would be an undeserved windfall and inconsistent with the mutual intentions and reasonable expectations of the parties.

Plaintiff's central argument is that an award of stock in Sterling Planet Holdings is foreclosed by the following two paragraphs in defendant's amended answer:

> ¶ 8: Defendant admits only that it submitted to Plaintiff the employment offer letter dated December 30, 2005 . . . .

> ¶ 9: Defendant admits only that it received from Plaintiff an executed copy of the employment offer letter referenced in Paragraph 8 of Plaintiff's Amended Complaint from Plaintiff and that Plaintiff's signature was dated January 2, 2006. . . .

Joint App'x 64. These paragraphs misstate (apparently inadvertently) that defendant—that is, the new Sterling Planet, not the old Sterling Planet—provided plaintiff with the original offer of employment. Nevertheless, plaintiff seizes upon these paragraphs to argue that they constitute judicial "admissions" that defendant offered plaintiff 25,000 shares of its stock—that is, 25,000 shares of stock in the new Sterling Planet, the operating subsidiary. *See Gibbs ex rel. Estate of Gibbs v. CIGNA Corp.*, 440 F.3d 571, 578 (2d Cir. 2006) ("Facts admitted in an answer, as in any pleading, are judicial admissions that bind the defendant throughout this litigation.").

Yet, just before trial, the Court granted defendant's oral motion to amend its pleadings, precisely so as to reflect the true parties to the offer letter in light of the corporate reorganization, thereby resolving this confusion. Under Rule 15(b)(1), "[t]he court should freely permit an amendment [during trial] when doing so will aid in presenting the merits and the objecting party fails

4

to satisfy the court that the evidence would prejudice that party's action or defense on the merits." Fed. R. Civ. P. 15(b)(1).[2]

Plaintiff suggests that the offer must be for new Sterling Planet stock because a non-party to a contract, such as Sterling Planet Holdings, cannot be held liable for a breach under New York law. Yet this contention misstates the law. *Cf. TNS Holdings, Inc. v. MKI Sec. Corp.*, 92 N.Y.2d 335, 339 (1998) ("mandating disregard of the corporate form" in certain cases where failure to do so would "result[ ] in wrongful or inequitable consequences").

To the extent that the amendment was proper, plaintiff argues that she should have been granted the opportunity to show the jury the inconsistent pleadings. In *Andrews v. Metro N. Commuter R.R. Co.*, 882 F.2d 705 (2d Cir. 1989), we held that a district court's refusal to permit jurors to be informed of and examine inconsistent pleadings was "a substantial abuse of discretion." *Id.* at 705-07. Plaintiff, however, does not challenge the Magistrate Judge's authority to adjudicate the issue of specific performance, *see* note 1, *ante*, thereby conceding that the issue of specific performance was an equitable issue for the court, not the jury. We conclude, therefore, that any claimed error on this issue is harmless. *See* Fed. R. Evid. 103(a) ("A party may claim error in a ruling to admit or exclude evidence only if the error affects a substantial right of the party . . . .").

## CONCLUSION

We have considered all of the plaintiff's arguments on appeal and find them to be without merit. For the reasons stated above, we **AFFIRM** the August 2, 2012 judgment and November 1, 2012 order of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[2] Plaintiff's contention that no motion was ever granted by the Magistrate Judge is belied by the Court's unequivocal statement that it was allowing such an amendment. *See* Joint App'x 126.