13-1190-cv
Giudice v. Red Robin International, Inc.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 13th day of February, two thousand fourteen.

Present:     AMALYA L. KEARSE,
             ROSEMARY S. POOLER,
             REENA RAGGI,
                        *Circuit Judges*.

_____

JOSEPH J. GIUDICE,

                        *Plaintiff-Appellant*,

              -v-                                          13-1190-cv

RED ROBIN INTERNATIONAL, INC.,

                        *Defendant-Appellee*.

_____

Appearing for Appellant:     Christina A. Agola, Rochester, N.Y.

Appearing for Appellee:      Margaret A. Clemens, Littler Mendelson, P.C. (Trent M. Sutton, *on the brief*) Rochester, N.Y.

Appeal from the United States District Court for the Western District of New York (Telesca, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Plaintiff-Appellant Joseph J. Giudice appeals from the February 28, 2013 final judgment of the United States District Court for the Western District of New York (Telesca, *J.*), granting Defendant-Appellee Red Robin International, Inc.'s ("Red Robin's") motion for summary judgment on Giudice's employment retaliation claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.* (the "NYSHRL"). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Under Title VII and the NYSHRL, "[t]o make out a *prima facie* case of retaliation, a plaintiff must demonstrate that (1) she engaged in protected activity; (2) the employer was aware of that activity; (3) the employee suffered a materially adverse action; and (4) there was a causal connection between the protected activity and that adverse action." *Kelly v. Howard I. Shapiro & Assocs. Consulting Eng'rs, P.C.*, 716 F.3d 10, 14 (2d Cir. 2013) (internal quotation marks omitted). Here, Giudice failed to establish a genuine dispute of material fact with regard to the fourth element of his prima facie case of retaliation.

As a preliminary matter, it is difficult to discern from Giudice's submissions on appeal whether he argues that his protected activity consisted of complaining to Red Robin about discrimination based on his sexual orientation or based on his sex. Notwithstanding that lack of clarity in Giudice's appellate papers, in the affidavit that he submitted to the district court he stated that he was "harassed solely because of the fact that [he is] gay." "'The law is well-settled in this circuit and in all others to have reached the question that . . . [] Title VII does not prohibit harassment or discrimination because of sexual orientation.'" *Dawson v. Bumble & Bumble*, 398 F.3d 211, 217 (2d Cir. 2005) (alteration omitted) (quoting *Simonton v. Runyon*, 232 F.3d 33, 35 (2d Cir. 2000)). This Court has not yet ruled on the specific question of whether a plaintiff may, under Title VII, maintain a claim of retaliation based on adverse employment action resulting from his complaints about sexual-orientation discrimination, although in *Kelly*, 716 F.3d at 16–17, we did hold that a plaintiff could not maintain a Title VII retaliation claim based on a mistaken belief that complaining about "paramour preference" was protected activity under the statute. The NYSHRL, however, proscribes discrimination by an employer based on an employee's sexual orientation, *see* N.Y. Exec. Law § 296(1)(a), and makes it unlawful for an employer to retaliate against an employee because of the employee's opposition to "any practices forbidden under" the statute, *id.* § 296(1)(e).

Even if, as under the NYSHRL, a retaliation claim under Title VII were viable on the basis of complaints about sexual-orientation discrimination, Giudice failed to establish a genuine dispute of material fact with respect to the causation element of his prima facie retaliation case under either law. Giudice argues that because he complained to Red Robin on June 14, 2010 and June 22, 2010, and was terminated weeks later on July 7, 2010, a reasonable factfinder could conclude that his complaints caused his termination. However, where, as here, the only basis for showing causation at the prima facie stage is a temporal nexus, "and gradual adverse job actions began well before the plaintiff had ever engaged in any protected activity, an inference of retaliation does not arise." *Slattery v. Swiss Reins. Am. Corp.*, 248 F.3d 87, 95 (2d Cir. 2001) (applying the test for a prima facie retaliation claim in a case brought under the NYSHRL and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.*). Red Robin began disciplining Giudice years before his formal complaint of harassment on June 14, 2010. In 2008, Giudice was issued a final written warning for violating Red Robin's policies concerning the

2

proper payment of employees, in which he was told that his failure to follow the company's policies could result in further discipline, including termination. In June 2010, Red Robin determined through an investigation that Giudice had not properly paid an employee. Thus, no reasonable factfinder could conclude that it was Giudice's complaint that resulted in his termination, as opposed to Red Robin's stated reason for firing him, which was his failure to properly pay employees after receiving a final warning requiring him to abide by the company's policies concerning the payment of employees.

Even if Giudice had made out a prima facie case of retaliation, Red Robin satisfied its burden on summary judgment "to demonstrate that a legitimate, nondiscriminatory reason existed for its action." *Summa v. Hofstra Univ.*, 708 F.3d 115, 125 (2d Cir. 2013) (internal quotation marks omitted). That showing by Red Robin shifts the burden back to Giudice "to establish, through either direct or circumstantial evidence, that the employer's action was, in fact, motivated by discriminatory retaliation." *Id.* (internal quotation marks omitted).[1] Giudice does not argue on appeal that Red Robin's stated reasons for terminating his employment were pretextual and, therefore, he has waived any such argument. *See Lederman v. N.Y. City Dep't of Parks & Recreation*, 731 F.3d 199, 203 n.1 (2d Cir. 2013) ("Issues not sufficiently argued will be deemed waived and ineligible for appellate review.").

While the record on summary judgment reveals that some of the treatment that Giudice experienced at work was disturbing and inappropriate, he has failed to carry his burden at summary judgment with respect to his retaliation claims. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] The Supreme Court recently clarified that plaintiffs pursuing Title VII claims have to prove at trial that their "protected activity was a but-for cause of the alleged adverse action by the employer." *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, --- U.S. ----, 133 S. Ct. 2517, 2534 (2013). We do not address any differences between the standard stated in *Summa* and the Supreme Court's articulation of the "but-for" standard in *Nassar* because that distinction is not dispositive in this case.

3