13-2931-cv
City of New York v. Bello

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of September, two thousand fourteen.

PRESENT:　RALPH K. WINTER,
　　　　　　REENA RAGGI,
　　　　　　SUSAN L. CARNEY,
　　　　　　　　　*Circuit Judges*.

-----------------------------------------------------------------------

CITY OF NEW YORK,

　　　　　　　　*Plaintiff-Appellant*,

　　　　v.　　　　　　　　　　　　　　　　　No. 13-2931-cv

PEDRO A. BELLO, CHARLES WELLS,

　　　　　　　　*Defendants-Appellees,*

PAM CHAVEZ, CHAVEZ, INC., PAM CHAVEZ, INC.,
ISRAEL CHAVEZ, EDWIN APONTE, JOSEPH ALLAN
FISH, BETH A. WAARA, ROZA BUDANSKY,
ELIEZER RUTNER, RINA M. SELLNER, AKA RINA
M. DILORIO, JOSEPH J. GIACINTO, ILONNA T.
ASHUROVA, JOHN ZAVOLAKIS, JULIANNA
SZELES, THOMAS GUGLIELMO, DONALD
STUART, WILLIAM R. McGOWAN, JR., GEORGE
KARATZIDIS, JACK HIRSCH, IOANNIDIS
PANAGIOTIS, ANTHONY LONGORDO, JOHN
JAKUBOSKI, CALLIE SIMMONS, JOSEPH SHENK,
MARKO MALAK, ANGELA GERACI, RONALD

1

ZUCKER, ALEX RUGGIERI, JR., EDWARD F. SIMMONS, OWEN McGRATH, MARCEL DAN, LION FORST, GERALD HERMAN, IOANNIS PARRIS, CLAUDIO CAPOBIANCO, JOHN MAHONEY, JR., SARAH WORRELL, TIMOTHY FOSTER,

*Defendants.*

------------------------------------------------------------------------

APPEARING FOR APPELLANT: ELIZABETH S. NATRELLA (Leonard Koerner, Eric Proshanksy, and Leonard Braman, *on the brief*), Assistant Corporation Counsels, *for* Michael A. Cardozo, Corporation Counsel of the City of New York, New York, New York.

APPEARING FOR APPELLEES: JOSEPH B. CRACE, JR. (Eli J. Richardson, *on the brief*), Bass, Berry & Sims PLC, Nashville, Tennessee *for* Defendant-Appellee Charles Wells.

Pedro A. Bello, pro se, Miami, Florida.

Appeal from a judgment of the United States District Court for the Southern District of New York (Katherine B. Forrest, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on July 25, 2013, is VACATED, and the case is REMANDED for further proceedings.

The City of New York ("the City") sued certain online cigarette dealers, their suppliers and customers, and other downstream cigarette sellers, for violations of the Contraband Cigarette Trafficking Act ("CCTA"), 18 U.S.C. § 2341 et seq., and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq. The City now appeals the district court's award of summary judgment on motion to defendant Charles Wells and sua sponte to pro se defendant Pedro Bello. The City

2

contends that (1) it was not required to prove the existence of an "association-in-fact" to succeed on a RICO conspiracy claim; or, in the alternative, (2) sufficient evidence existed to raise a genuine dispute of material fact as to whether a legally cognizable "association-in-fact" enterprise under RICO was provable at trial. "We review an order granting summary judgment de novo and resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." Lederman v. New York City Dep't of Parks & Recreation, 731 F.3d 199, 202 (2d Cir. 2013) (internal quotation marks and alterations omitted). We assume the parties' familiarity with the facts and record of the underlying proceedings, which we reference only as necessary to explain our decision.

RICO makes it unlawful "for any person to conspire to violate" its substantive provisions (i.e., 18 U.S.C. § 1962(a), (b), or (c)). 18 U.S.C. § 1962(d); see United States v. Pizzonia, 577 F.3d 455, 462 (2d Cir. 2009). Civil liability extends to RICO conspiracy violations. See 18 U.S.C. § 1964(c).

"[T]he requirements for RICO's conspiracy charges under § 1962(d) are less demanding" than those for substantive violations. Baisch v. Gallina, 346 F.3d 366, 376 (2d Cir. 2003). "A 'conspirator must intend to further an endeavor which, if completed, would satisfy all of the elements of a substantive criminal offense, but it suffices that he adopt the goal of furthering or facilitating the criminal endeavor.' In the civil context, a plaintiff must allege that the defendant 'knew about and agreed to facilitate the scheme.'" Id. at 376–77 (quoting Salinas v. United States, 522 U.S. 52, 65–66 (1997) (internal citations omitted)). However, a party "may be liable for [RICO] conspiracy even though

3

he was incapable of committing the substantive offense." Salinas v. United States, 522 U.S. at 64 (construing § 1962(d)); accord United States v. Applins, 637 F.3d 59, 76 (2d Cir. 2011). Finally, the existence of a RICO enterprise is not a required element of a RICO conspiracy claim. See United States v. Applins, 637 F.3d at 75.

In this case, the district court held that Wells and Bello were entitled to summary judgment because the City could not prove a RICO association-in-fact of which they were members. See City of New York v. Chavez, 944 F. Supp. 2d 260, 275–78 (S.D.N.Y. 2013). The district court explicitly reserved judgment as to whether other defendants in the case (the "Chavez Defendants"), who were at the center of the alleged illegal cigarette distribution scheme, could have formed an adequate association-in-fact themselves, without Wells and Bello. See id. at 278–79.

In so ruling, the district court detailed Wells's and Bello's relationship to those other defendants as follows:

> To be sure, the City has presented significant evidence that Wells was knowingly involved in, and knowingly facilitated, illegal activity in violation of the CCTA and state tax laws. There is evidence that Wells illegally sold cigarettes himself; that Wells facilitated the Chavez Defendants' illegal CCTA-violating sales; that Wells knew some, and perhaps a large, part of the Chavez Defendants' operations—in terms of scope, plans, associates, suppliers, and customers; that Wells knew how his activities and the activities of the Chavez Defendants violated the law, and knew how his activities helped Israel Chavez and Chavez, Inc. violate the law; that Wells knew that the Chavez Defendants associated with other Supplier Defendants to perpetuate similar schemes to the scheme Wells had with the Chavez Defendants; that Wells knew other Supplier Defendants, and knew of those other Supplier Defendants' relationships with the Chavez Defendants; and that Supplier Defendant Pedro Bello in fact introduced Supplier Defendant Joseph Allan Fish to Israel Chavez, and that Bello and Fish transacted with each other.

4

Id. at 275–76. These facts raise a genuine material dispute as to whether Wells and Bello could have "kn[own] about and agreed to facilitate" the Chavez Defendants' scheme to commit substantive RICO violations. Baisch v. Gallina, 346 F.3d at 377. That conclusion obtains even if Wells and Bello were themselves incapable of committing substantive violations because they were not employed by or associated with the enterprise. See Salinas v. United States, 522 U.S. at 63–64. Accordingly, we cannot conclude on de novo review that Wells and Bello are entitled to judgment as a matter of law on the City's RICO conspiracy claim.

We express no view on the alternative arguments raised by Wells in his motion for summary judgment, as the district court did not pass on them below. In such circumstances, we remand to the district court to consider these arguments in the first instance. See Guippone v. BH S & B Holdings LLC, 737 F.3d 221, 228 (2d Cir. 2013). We note in that regard that a motion to dismiss on proximate cause grounds was denied in somewhat conclusory fashion by the district judge who originally presided over this matter. Wells suggests that the court was in error and that we can affirm on the alternative grounds of a lack of a showing of proximate cause based on Hemi Group v. City of New York, 559 U.S. 1 (2010). We do not decide this issue at the present time but leave the matter for reconsideration by the present district judge upon an amplified record if Wells chooses to move for summary judgment on those grounds. Finally, because Bello raises no independent arguments for affirming summary judgment beyond those argued by Wells, we vacate summary judgment as to Bello for the same reasons stated herein as pertain to Wells.

5

Therefore, we VACATE the judgment of the district court, and REMAND the case for further proceedings.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court