Chaudhry v. Target Corp.

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of January, two thousand sixteen.

PRESENT: DENNIS JACOBS,
         RICHARD C. WESLEY,
         DEBRA ANN LIVINGSTON,
                 <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - -X
ZANIB CHAUDHRY,
     <u>Plaintiff-Appellant</u>,

     -v.-                              14-3388

TARGET CORPORATION,
     <u>Defendant-Appellee</u>.
- - - - - - - - - - - - - - - - - - - -X

| FOR APPELLANT: | KAREN R. KING (Jeffrey Newton, Damon C. Andrews, and Lance A. Polivy <u>on the brief</u>), Paul, Weiss, Rifkind, Wharton & Garrison LLP, New York, New York. |
|---|---|

**FOR APPELLEES:**                     DANIEL J. KRISCH, Halloran & Sage LLP, Hartford, Connecticut.

Appeal from a judgment of the United States District Court for the District of Connecticut (Shea, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Zanib Chaudhry appeals from the judgment of the United States District Court for the District of Connecticut, granting summary judgment in favor of defendant-appellee Target Corporation ("Target"). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We review an order granting summary judgment de novo, drawing all permissible inferences in favor of the nonmoving party. Lederman v. N.Y.C. Dep't of Parks & Recreation, 731 F.3d 199, 202 (2d Cir. 2013). Plaintiff asserts common law negligence against Target for creating or failing to remedy a dangerous condition that caused her to slip and fall on an unknown substance (thought to be spilled orange liquid). Chaudhry raises two issues: (1) whether Target had actual or constructive notice of the spill; and (2) whether Target's "mode of operation" gave rise to a foreseeable risk of injury to customers and plaintiff's injury was proximately caused by an accident within that zone of risk.

As to constructive notice, plaintiff abandoned this theory of liability during the summary judgment hearing. See Special App'x at 2. The argument is therefore waived. See Island Software & Comput. Serv., Inc. v. Microsoft Corp., 413 F.3d 257, 262 (2d Cir. 2005).

As to "mode of operation" liability, we agree with the district court that the claims do not survive summary judgment. The law of the forum state governs a diversity case. See Omega Eng'g, Inc. v. Omega, S.A., 432 F.3d 437, 443 (2d Cir. 2005). In Connecticut, the mode of operation doctrine allows proof of "negligence upon presentation of evidence that the mode of operation of the defendant's business gives rise to a foreseeable risk of injury to customers and that the plaintiff's injury was proximately caused by an accident within the zone of risk." Fisher v. Big Y Foods, Inc., 3 A.3d 919, 926 (Conn. 2010) (quoting

2

*Kelly v. Stop & Shop, Inc.*, 918 A.2d 249, 263 (Conn. 2007)). We conclude here that Target's mode of operation did not give rise to a foreseeable risk of injury to customers of the sort experienced by plaintiff.

    For the foregoing reasons, and finding no merit in Chaudhry's other arguments, we hereby AFFIRM the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK