15-2914-cv
*Centro v. Oyster Bay*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT=S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of August, two thousand seventeen.

PRESENT:

DENNIS JACOBS,
BARRINGTON D. PARKER,
        Circuit Judges,
JANE A. RESTANI,
        Judge.*

_____

CENTRO DE LA COMUNIDAD HISPANA
DE LOCUST VALLEY, THE WORKPLACE
PROJECT
*Plaintiffs-Counter-Defendants-Appellees,*

        v.                                          15-2914

THE TOWN OF OYSTER BAY, JOHN
VENDITTO, Town Supervisor of the
Town of Oyster Bay,
*Defendants-Counter-Claimants-Appellants.*

_____

* Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

**FOR DEFENDANTS:**          Jonathan Sinnreich, Sinnreich Kosakoff & Messina LLP, Central Islip, NY.

**FOR PLAINTIFFS:**          Arthur Eisenberg, Jordan Wells, Mariko Hirose, New York Civil Liberties Union Foundation, New York, NY; Alan Levine, Jackson Chin, Latino Justice PRLDEF, New York, NY.

UPON DUE CONSIDERATION of this appeal from the United States District Court of the Eastern District of New York (Hurley, *J.*), it is hereby ORDERED, ADJUDGED, AND DECREED that the order of the district court is AFFIRMED.

Defendants-Appellants The Town of Oyster Bay and John Venditto (together, the "Town") appeal from an order of the United States District Court of the Eastern District of New York (Hurley, *J.*) entering summary judgment in favor of Plaintiffs.[1] *See Centro de La Comunidad Hispana de Locust Valley v. Town of Oyster Bay*, 128 F. Supp. 3d 597 (E.D.N.Y. 2015). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

---

[1] The Town raises several challenges to the district court's summary judgment ruling, most of which are resolved in an opinion issued simultaneously with this order. We resolve here only the Town's challenge related to the district court's entry of a protective order.

The Town challenges the district court's entry of a protective order that limited the information that Plaintiffs — organizations advocating for and comprised of day laborers — were required to produce about their day laborer-members. *See Centro de la Comunidad Hispana de Locust Valley v. Town of Oyster Bay*, 954 F. Supp. 2d 127, 139-45 (E.D.N.Y. 2013). The Town claims that the information precluded from discovery by the protective order would have allowed it "to obtain critical evidence material and necessary to defend this case." Br. of Appellants at 44. In fact, it argues that "the day laborers themselves are clearly the single most knowledgeable potential witnesses concerning virtually all of the material facts at issue." Br. of Appellants at 44. In light of the foregoing, the Town argues that the district court abused its discretion in entering the protective order.[2]

---

[2] In fact, the Town goes so far to argue that summary judgment denied it due process in light of the protective order. Br. of Appellants at 44-45. We are aware of no case in which summary judgment was held to violate due process because of a discovery limitation. Regardless, the singular case cited by the Town to support its due process argument intimates that such a due process challenge would call for a review of the underlying discovery ruling for an abuse of discretion. *Columbus-Am. Discovery Grp. v. Atl. Mut. Ins. Co.*, 974 F.2d 450, 470 (4th Cir. 1992). This is the same standard we would apply to a direct review of the entry of the protective order. *Lederman v. N.Y.C. Dep't of Parks and Recreation*, 731 F.3d 199, 202 (2d Cir. 2013). Accordingly, it is irrelevant whether the Town's challenge is construed as a due process challenge to the summary judgment ruling or a direct appeal of the entry of the protective order.

The Town's challenge fails because the Town cannot show, as it must, that even if the district court abused its discretion in entering the protective order (which it did not), that the protective order prejudiced the Town. *See* 28 U.S.C. § 2111; Fed. R. Civ. P. 61. We affirm on this ground alone.[3]

The Town argues that the protective order precluding discovery that it sought prejudiced its ability to prove that (i) Plaintiffs lacked standing; (ii) the speech restricted by the Ordinance does not "concern lawful activity"; and (iii) the Ordinance otherwise survives *Central Hudson*. Because information as to the Plaintiffs' members could not have materially affected the analysis of those issues, there was no error in granting the protective order.

---

[3] The district court concluded that compelled disclosure of Plaintiffs' members would adversely impact Plaintiffs' First Amendment associational rights. 954 F. Supp. 2d at 139-45. We make no statement as to the merits of that conclusion in light of the "fundamental and longstanding principle of judicial restraint [that] requires courts avoid reaching constitutional questions in advance of the necessity of deciding them." *Lyng v. Nw. Indian Cemetery Protective Ass'n*, 485 U.S. 439, 445 (1988).

4

*First*, Plaintiffs do not assert injuries of their members (or of day laborers) to support standing. Rather, Plaintiffs' theory of standing is premised upon injury to the organizations themselves. *See*, *e.g.*, *Nnebe v. Daus*, 644 F.3d 147, 156-57 (2d Cir. 2011). Discovery into their membership would not have altered the relevant analysis.

*Second*, information as to the Plaintiffs' members could not have shown that the speech restricted by the Ordinance does not "concern lawful activity" for purposes of *Central Hudson*. As discussed in the majority opinion, the Ordinance prohibits speech that proposes no illegal conduct, which is sufficient to establish that the speech targeted by the ordinance "concerns lawful activity." *See Swedenburg v. Kelly*, 358 F.3d 223 (2d Cir. 2004), *rev'd on unrelated grounds*, 544 U.S. 460 (2005). Again, information as to a limited set of day laborers would not have affected that analysis.[4]

---

[4] Alternatively, the Town argues that we mandated the disclosure precluded by the protective order in our earlier ruling in this case, *Centro de La Comunidad Hispana de Locust Valley v. Town of Oyster Bay*, 420 F. App'x 97 (2d Cir. 2011). The Town reads our decision too broadly. There, we faced the unusual task of assessing the grant of a preliminary injunction with *no* factual record. Nevertheless, the parties made factual arguments. Given that we had no facts before us, we refused to make an "entirely hypothetical" ruling, stating that for

*Third*, no information from Plaintiffs' members would have affected the remaining *Central Hudson* analysis. The Town needed no information about those members to document the "traffic, safety, and health" hazards caused by the day laborers because the lower court (and our majority opinion) credited the Town's asserted interests in its *Central Hudson* analysis. Nor would information about what "speech [the day laborers] actually engage in," Br. of Appellants at 45, have been helpful to address *Central Hudson*'s narrowness requirement. The Ordinance is not limited to the speech of the Plaintiffs' members specifically or to day laborers generally. Rather, it broadly limits "solicitations of employment" by anyone in Oyster Bay. In the main opinion, the majority thereby concluded that the Ordinance is unconstitutional because it could be applied to a broad swath of individuals that pose no risk to the Town's

---

us to resolve the question we would "have to remand for . . . a hearing to determine, preliminarily, whether and to what degree the barred speech is 'related to illegal activity.'" *Id.* at 99–100 (quoting *Central Hudson*, 447 U.S. at 564). However, we then expressly held that the district court need not even hold that hearing, if, in its discretion, it determines it unnecessary. Such a hearing ultimately became unnecessary upon the district court's (correct) conclusion that the face of the Ordinance makes it clear that the restricted speech concerns lawful activity. Consequently, the district court was correct in determining the discovery sought was unnecessary.

asserted interests.  Accordingly, there was no information about Plaintiffs' members that would have affected the constitutional analysis of the Ordinance.

For the foregoing reasons, the ruling of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7