21-1078-cr
United States v. Little

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of May, two thousand twenty-two.

PRESENT:
> DENNIS JACOBS,
> WILLIAM J. NARDINI,
> BETH ROBINSON,
> *Circuit Judges.*

---

United States of America,

> *Appellee,*

v.                                                                                                        21-1078

Michael J. Little, AKA Sealed Defendant 1,

> *Defendant-Appellant.*

---

FOR APPELLEE:                                   STANLEY J. OKULA, JR., Special
                                               Assistant United States Attorney
                                               (Andrew S. Dember, Christopher J.
                                               DiMase, Dina McLeod, David
                                               Abramowicz, Assistant United States
                                               Attorneys, *on the brief*), *for* Damian
                                               Williams, United States Attorney for
                                               the Southern District of New York,
                                               New York, NY.

FOR DEFENDANT-APPELLANT:                          MICHAEL J. LITTLE, *pro se*, Hampshire, United Kingdom.


Appeal from an order of the United States District Court for the Southern District of New York (Castel, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the April 20, 2021, order of the district court is **AFFIRMED.**

Appellant Michael Little, a former attorney proceeding *pro se*, was convicted following a 2018 jury trial of 19 tax offenses related to the concealment of co-conspirators' offshore assets and failure to report his own income and foreign accounts between 2005 and 2010. In 2020, we affirmed the judgment of conviction, affirmed in part and vacated in part the restitution order, and remanded for further proceedings concerning restitution. On remand, the district court reimposed only the portion of the restitution order that had been affirmed and denied reconsideration of that order. Little moved for a new trial pursuant to Federal Rule of Criminal Procedure 33, asserting that new evidence undermined his conviction. The district court summarily denied his motion, concluding that he had not presented new, material evidence that was likely to have led to acquittal. Little appeals. We assume the parties' familiarity with the record.

As a preliminary matter, Little's failure to raise any arguments regarding the amended restitution order in his appellate brief—other than his attempt to incorporate arguments raised in the district court and his assertion in a section header that the amended restitution order must be vacated—constitutes waiver of those arguments. *See Lederman v. N.Y.C. Dep't of Parks & Recreation*, 731 F.3d 199, 203 n.1 (2d Cir. 2013) ("Appellants do not preserve questions for appellate review by merely incorporating an argument made to the district court by reference in their brief." (internal brackets and quotation marks omitted)); *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").

"We review challenges to a district court's denial of a Rule 33 motion for an abuse of discretion and accept the district court's factual findings unless they are clearly erroneous." *United States v. McCourty*, 562 F.3d 458, 475 (2d Cir. 2009) (internal quotation marks omitted). Rule 33 permits the district court to "vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33. "The defendant bears the burden of proving that he is entitled to a new trial under Rule 33," which will be granted only in "extraordinary circumstances" where the district court finds that "there is a real concern that an innocent person may have been convicted." *McCourty*, 562 F.3d at 475 (internal quotation marks omitted). Little asserts that he is entitled to a new trial based on two post-conviction events, which we address in turn.

2

In March 2020, Little received notice of an agreement between the tax authorities of the United States and the United Kingdom, rendered pursuant to article 26 of the Convention for the Avoidance of Double Taxation and the Prevention of Fiscal Evasion with Respect to Taxes on Income and on Capital Gains, U.K.-U.S., Mar. 31, 2003, T.I.A.S. No. 13161 (the "Convention"). In that agreement, the tax authorities determined that Little was a "resident" of the United States for the purposes of the Convention from 2005 through September 2008, and that his business income from this period was thus taxable only in the United States; he was a resident of the United Kingdom for these purposes from September 2008 through 2010.

Little argues that this agreement establishes that he was innocent of some or all of the failure-to-file counts, either because he had no filing obligation, or because the complicated nature of the residency determination undermines the jury's finding that he willfully failed to file required documents. We disagree. This Court has already decided, in Little's direct appeal from the judgment, that Little was required to file tax returns and disclosures of his foreign accounts during the relevant period for reasons independent of the Convention. *See United States v. Little*, 828 F. App'x 34, 38 (2d Cir. 2020) (summary order). Under the law of the case doctrine, we generally adhere to our prior decisions in the same case "unless cogent and compelling reasons militate otherwise." *United States v. Quintieri*, 306 F.3d 1217, 1225 (2d Cir. 2002) (internal quotation marks omitted). No such reasons are present here: the Convention and the agreement pursuant to the Convention speak to Little's tax liability, but not to his reporting obligations—which are what he was convicted of violating.

Little also alleges that his co-conspirators have dissolved a trust and distributed its assets among themselves, and that these events contradict their trial testimony that they were trustees— and not beneficiaries—of that trust, suggesting that the co-conspirators' trial testimony was perjured. Little's only proffered evidence of the distribution, which the Government disputes, is his own account of a telephone conversation with a person allegedly familiar with these events. Even if we credited that account, Little has not shown that it is inconsistent with any trial testimony. Notably, he does not point to any testimony in which the co-conspirators denied being secondary beneficiaries of the trust. Further, in order to obtain a new trial based on perjury where, as here, there has been no showing that the Government was aware of the supposed perjury, a defendant must show that "the jury probably would have acquitted in the absence of the false testimony." *United States v. Sanchez*, 969 F.2d 1409, 1413–14 (2d Cir. 1992). Little has fallen far short of that showing. Although the trust was mentioned at trial, there were no allegations that Little exercised control over it. Whether the co-conspirators could later dissolve and access funds from that trust was thus irrelevant to whether Little was guilty of conspiring to conceal the co-conspirators' other assets from the United States.

To the extent that Little raises other arguments challenging his conviction on appeal, we decline to consider them because they were not raised in support of his Rule 33 motion in the district court. *See Greene v. United States*, 13 F.3d 577, 586 (2d Cir. 1994) ("[I]t is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal."). Even if he had raised those arguments, they did not concern newly discovered evidence, and were thus untimely. *See* Fed. R. Crim. P. 33(b)(2) ("Any motion for a new trial

grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty.").

We have considered all of Little's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the April 20, 2021, order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4