Telian v. Town of Delhi, et. al

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of January, two thousand eighteen.

PRESENT:  DENNIS JACOBS,
          REENA RAGGI,
          CHRISTOPHER F. DRONEY,
                    Circuit Judges.

- - - - - - - - - - - - - - - - - -X
Ernie Telian,
          Plaintiff-Appellant,

          -v.-                          17-0410

Town of Delhi, Peter Bracci, John Mathiesen,
Sherri Telian,
          Defendants-Appellees,

**John Doe No. 1, John Doe No. 2, John Doe No. 3,
John Doe No. 4, John Doe No. 5,**
          **Defendants.**

- - - - - - - - - - - - - - - - -X

**FOR APPELLANT:**                    Albert J. Millius, Jr., Hinman,
                                      Howard & Kattell, LLP, Binghamton,
                                      NY.

**FOR APPELLEES:**                    Stephen J. Gaba (Adam L. Rodd, <u>on
                                      the brief</u>), Drake Loeb, PLLC, New
                                      Windsor, NY, <u>for</u> Town of Delhi,
                                      Peter Bracci, and John Mathiesen.
                                      Ryan E. Manley, Harris, Conway &
                                      Donovan, PLLC, Albany, NY, <u>for</u>
                                      Sherri Telian.

Appeal from a judgment of the United States District Court for the Northern District of New York (McAvoy, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Plaintiff-appellant Ernie Telian appeals from a May 13, 2015 Order of the United States District Court for the Northern District of New York dismissing, on a motion under Fed. R. Civ. P. 12(b)(6), his malicious prosecution claim, and from a January 14, 2017 Order dismissing his equal protection and conspiracy claims, pursuant to a motion under Fed. R. Civ. P. 56. Telian argues on appeal that: (1) the underlying criminal action against him which forms the basis of his malicious prosecution claim was terminated in his favor; (2) the district court ignored disputed material facts in his equal protection claim and drew every inference in the defendants' favor, in violation of Fed. R. Civ. P. 56; and (3) since the dismissals must be reversed as to his malicious prosecution and equal protection claims, his conspiracy claim should be reinstated. We assume the parties' familiarity with

the underlying facts, the procedural history, and the issues presented for review.

   **1.**     As to the malicious prosecution claim, Telian argues that the district court incorrectly determined that the underlying criminal matter was not terminated in his favor.[1]

   "We review the grant of a motion to dismiss <u>de novo</u>, accepting as true all factual claims in the complaint and drawing all reasonable inferences in the plaintiff's favor."     <u>Fink v. Time Warner Cable</u>, 714 F.3d 739, 740–41 (2d Cir. 2013).   "In order to prevail on a § 1983 claim against a state actor for malicious prosecution, a plaintiff must show a violation of his rights under the Fourth Amendment, and establish the elements of a malicious prosecution claim under state law." <u>Fulton v. Robinson</u>, 289 F.3d 188, 195 (2d Cir. 2002) (internal citations omitted).   To establish a malicious prosecution claim under New York law, a plaintiff must demonstrate that: (1) a proceeding was commenced or continued against him, (2) with malice and without probable cause, and (3) was terminated in his favor.   <u>Id.</u>

   The underlying criminal matter in Telian's malicious prosecution claim was not terminated in his favor.   While the County Court did reverse the Justice Court's decision finding Telian liable for building code violations, the Town of Delhi then appealed the County Court's decision.   So the County Court's decision did not end the litigation, it remained a live controversy.   Final termination occurred when the Town and Telian entered into a "Stipulation of Settlement."   Joint App'x at 251-52.   Under the Settlement, (1) the Town agreed to withdraw two appeals in cases against Telian, as well as move to vacate a prior judgment against Telian, and (2) Telian "sought and obtained compliance" with the relevant building and zoning laws, despite his earlier claim that, because he

---

[1] Counsel for appellant characterized the malicious prosecution claim as a "Due Process Claim" in Telian's opening brief, but requests that the Court ignore the error and evaluate the claim as one for malicious prosecution.   Because defendants treated the claim as one for malicious prosecution in their briefs, there is no prejudice in treating the claim as one for malicious prosecution on appeal. <u>See</u> <u>Johnson v. City of Shelby</u>, 135 S. Ct. 346, 346-47 (2014).

did not own the property, he was under no obligation to do so.   Id.   In return, the parties would "mutually agree to withdraw[] the appeals in the above captioned matters[.]"   Id. at 251.   "A termination is not favorable to the accused . . . if the charge is withdrawn or the prosecution abandoned pursuant to a compromise with the accused," Rothstein v. Carriere, 373 F.3d 275, 286 (2d Cir. 2004) (internal citation and quotation marks omitted, alteration in original), and that is exactly what occurred here: the Town withdrew its appeal against Telian pursuant to a compromise with him.[2]

2.      Telian next argues that, in dismissing his equal protection claim, the district court ignored disputed material facts and resolved fact questions that should have been left to a jury.   See Fed. R. Civ. P. 56.

We review the grant of summary judgment de novo, drawing all factual inferences in favor of the non-moving party.   Sousa v. Marquez, 702 F.3d 124, 127 (2d Cir. 2012); see also Lederman v. N.Y.C. Dep't of Parks & Recreation, 731 F.3d 199, 202 (2d Cir. 2013).   Summary judgment is appropriate when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party."   Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

Telian argues that he was subject to selective enforcement, in violation of the Equal Protection clause.   "To prevail on a claim of selective enforcement," plaintiffs must demonstrate: "(1) that they were treated differently from other similarly situated individuals, and (2) that such differential treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person."   Harlen Assocs. v. Inc. Vill. of Mineola, 273 F.3d 494, 499 (2d Cir. 2001) (internal citation and quotation marks omitted); see also Vill. of Willowbrook v.

---

[2] Telian, while acknowledging that no precedent in this Circuit aids his argument, urges the Court to follow the lead of two Connecticut State Trial Courts whose decisions he argues support the conclusion that withdrawals of appeals pursuant to a stipulation with the accused constitutes favorable termination.   We instead rely on precedent in this Court.

Olech, 528 U.S. 562, 564 (2000) ("successful equal protection claims brought by a 'class of one'" must allege that the plaintiff has "been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment").

"[C]lass-of-one plaintiffs must show an extremely high degree of similarity between themselves and the persons to whom they compare themselves." Clubside, Inc. v. Valentin, 468 F.3d 144, 159 (2d Cir. 2006). In order to demonstrate sufficient similarity to a comparator, the plaintiff must establish that:

> (i) no rational person could regard the circumstances of the plaintiff to differ from those of a comparator to a degree that would justify the differential treatment on the basis of a legitimate government policy; and (ii) the similarity in circumstances and difference in treatment are sufficient to exclude the possibility that the defendants acted on the basis of a mistake.

Id. (internal citation omitted).

The district court considered whether a reasonable juror could conclude that that Telian and his comparators were similarly situated, and identified a rational basis for every instance of differential treatment with a comparator. In doing so, the district court did not rely on any disputed fact; rather, it relied on facts which Telian did not contest below, or on appeal. We agree with the district court's conclusion: no reasonable juror could find that Telian and all but one of his comparators were similarly situated. While Telian argues that whether a person is similarly situated is a question for the jury, a court "may grant summary judgment in a defendant's favor on the basis of lack of similarity of situation . . . where no reasonable jury could find that the persons to whom the plaintiff compares itself are similarly situated," as occurs here. Id. As to the one similarly situated individual, Sherri Telian, the Town did not treat her differently from Ernie Telian: the Town charged her with violations of the building code, brought her case to trial, and sought a conviction in her case. No reasonable juror could conclude that under these circumstances, the Town defendants treated Sherri and Ernie Telian differently.

5

**3.**    The district court dismissed Telian's conspiracy claim because the underlying malicious prosecution and equal protection claims were also dismissed.   Telian's only argument on appeal is that if we reverse either his malicious prosecution or equal protection claims, we must also reinstate his conspiracy claim.   Since we affirm the district court as to both of Telian's substantive claims, we affirm the dismissal of the conspiracy claim as well.

Accordingly, the judgment of the district court is hereby **AFFIRMED**.


FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK