19-2444-pr
*Diaz v. Pelo*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of February, two thousand twenty-two.

PRESENT:    José A. Cabranes,
            Gerard E. Lynch,
            William J. Nardini,
                    *Circuit Judges.*

---

Frederick Diaz,

                    *Plaintiff-Appellant,*                    19-2444-pr

            v.

Stephanie Pelo, Grievance Supervisor; Great
Meadow Correctional Facility, C. Fraser,
Sergeant; Great Meadow Correctional
Facility, Kenneth McKeighan, Industry
Superintendent; Great Meadow Correctional
Facility, Rodney Eastman, Deputy
Superintendent of Security; Great Meadow
Correctional Facility, Christopher Miller,
Rachel A. Young, Acting Director of the
Office of Guidance & Counseling,

                    *Defendants-Appellees.*

---

**FOR PLAINTIFF-APPELLANT:**              Frederick Diaz, *pro se*, Elmira, NY.

1

**FOR DEFENDANTS-APPELLEES:**          Frederick A. Brodie, Assistant Solicitor General, of counsel, Victor Paladino, Senior Assistant Solicitor General, Barbara D. Underwood, Solicitor General, *for* Letitia James, Attorney General, State of New York, Albany, NY.

Appeal from orders and judgment of the United States District Court for the Northern District of New York (David N. Hurd, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the August 27, 2018, March 28, 2019, and February 11, 2021 orders, and the July 30, 2019 order and judgment, of the District Court be and hereby are **AFFIRMED**.

In June 2015, Plaintiff Frederick Diaz ("Diaz"), *pro se*, sued various state corrections officials (together "Defendants"), alleging that they violated his due process rights and retaliated against him when they deducted $1,660.20 from his inmate account based on an alleged overpayment for his work as an Inmate Grievance Representative ("IGR"), moved him to Involuntary Protective Custody ("IPC"), and removed him from his job as an IGR. The parties conducted discovery, which closed in January 2018. In July 2018, Magistrate Judge Daniel J. Stewart denied Diaz's motion to conduct further discovery and to disqualify Judge Stewart, which Diaz unsuccessfully appealed to the District Court. Judge Stewart then issued a Report and Recommendation on the parties' motion and cross-motion for summary judgment, which the District Court adopted in full, granting the Defendants' summary judgment motion on all but one of Diaz's claims, involving Defendant Young's recoupment of the alleged overpayment. The parties reached a monetary settlement (the "Stipulation Agreement") on that remaining claim. Diaz challenges the District Court's refusal to invalidate the Stipulation Agreement, its order denying additional time for discovery and disqualification of the Magistrate Judge, and its order granting summary judgment to the Defendants with respect to all but one of his claims. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## DISCUSSION

I.       The Stipulation Agreement

Diaz argues that the Stipulation Agreement is "null and void" because he has not signed a payment voucher. Appellant's Br. 17. We are without jurisdiction to consider this argument. Diaz's notice of appeal and his original request that the settlement "be modified" to include an interest payment were both dated August 5, 2019 and filed on August 8, 2019. The District Court issued its order ruling on Diaz's request to modify the settlement on February 11, 2021, construing the request as a post-judgment motion and denying it without prejudice. Diaz has submitted no amended notice

of appeal. Thus, the issue is not properly before us and cannot be addressed here. Fed. R. App. P. 4(a)(4)(B)(ii).

## II. Discovery and Disqualification Motions

We review a District Court's denials of motions to extend discovery and to disqualify a judge for an abuse of discretion. *See Paddington Partners v. Bouchard,* 34 F.3d 1132, 1137 (2d Cir. 1994) (extension of discovery); *In re Basciano,* 542 F.3d 950, 956 (2d Cir. 2008) (disqualification of a judge).

Diaz's argument that the District Court erred by denying him further discovery is without merit. While Diaz's appellate brief recounts several discovery rulings by Judge Stewart, Diaz objected only to the August 27, 2018 order, thereby waiving appellate review of the other orders addressing discovery. *See Caidor v. Onondaga Cnty.,* 517 F.3d 601, 605 (2d Cir. 2008) (holding that a plaintiff, though appearing *pro se*, waived appellate review of a magistrate judge's non-dispositive orders by not objecting to those orders before the district court). As to the order to which he did object, his discovery request was speculative. *See Nat'l Fire Ins. Co. of Pittsburgh, PA v. Stroh Companies, Inc.,* 265 F.3d 97, 117 (2d Cir. 2001). Moreover, his case had been pending for three years and discovery had been closed for six months when he made his request. Denying it was not an abuse of discretion.

There is likewise no merit to Diaz's argument that the Magistrate Judge should have been disqualified. *See Gallop v. Cheney,* 645 F.3d 519, 521 (2d Cir. 2011) (holding that an unfavorable ruling alone is "insufficient to establish the sort of extreme antagonism required for disqualification").

## III. Summary Judgment

We review a district court's grant of summary judgment *de novo,* construing all evidence, and drawing all reasonable inferences, in favor of the non-moving party. *Sotomayor v. City of New York,* 713 F.3d 163, 164 (2d Cir. 2013). A district court properly grants summary judgment where there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. *Id.*

First, as to retaliation, on appeal Diaz articulates only his claims against Defendant Fraser explicitly and refers the Court to "his Objections to the Report-Recommendation in order to prove his point" as to the other Defendants. Appellant's Br. 19. But "[a]ppellants do not preserve questions for appellate review by merely incorporating an argument made to the district court by reference in their brief." *Lederman v. New York City Dep't of Parks & Recreation,* 731 F.3d 199, 203 n.1 (2d Cir. 2013) (internal quotation marks omitted). And claims not explicitly raised on appeal are typically considered abandoned. *LoSacco v. City of Middletown,* 71 F.3d 88, 92-93 (2d Cir. 1995). Moreover, while "appellate courts generally do not hold *pro se* litigants rigidly to the formal briefing standards[,] . . . we need not manufacture claims of error for an appellant proceeding *pro se*, especially when he has raised an issue below and elected not to pursue it on appeal." *Id.* at 93.

We conclude that the District Court properly granted summary judgment to Fraser on Diaz's retaliation claim. We agree with the District Court that Diaz failed to present sufficient evidence to create a genuine dispute of material fact as to whether Diaz's protected conduct was "a substantial or motivating factor" in Fraser's authoring his report recommending Diaz be placed in IPC. *Bennett v. Goord*, 343 F.3d 133, 137 (2d Cir. 2003).

Second, the District Court correctly granted summary judgment for Defendants as to Diaz's due process claims concerning both the IPC and IGR impeachment proceedings.

The IPC hearing was a determination of administrative segregation, as opposed to a disciplinary punishment, and prisons are afforded "wide latitude in the procedures they deploy" for such proceedings. *Proctor v. LeClaire*, 846 F.3d 597, 609 (2d Cir. 2017). Due process in this context requires only "some notice of the charges against [the prisoner] and an opportunity to present his views[,] . . . not necessarily a full hearing." *Id.* (internal quotation marks omitted). Here, the evidence shows that Diaz was given ample notice of the hearing and full opportunity to call and question witnesses, raise objections, and testify on his own behalf. During the IPC hearing, Defendant McKeighan heard from multiple witnesses that there was a credible threat to Diaz's safety, with Diaz himself testifying that other prisoners considered him a "rat" and that he had previously been assaulted. Record on Appeal, Doc. No. 59-20 at 12–13, 23. And although Diaz claims that McKeighan was not an impartial hearing officer, the "degree of impartiality required of prison officials does not rise to the level of that required of judges." *Allen v. Cuomo*, 100 F.3d 253, 259 (2d Cir. 1996). The record—even construed in Diaz's favor—does not establish that this hearing deprived Diaz of due process.

The IGR impeachment hearing resulted in Diaz losing his job as an IGR, but we have held that New York prisoners have "'no protected liberty interest in a particular job assignment.'" *Johnson v. Rowley*, 569 F.3d 40, 44 (2d Cir. 2009) (quoting *Frazier v. Coughlin*, 81 F.3d 313, 318 (2d Cir. 1996)). Absent such an interest, Diaz has no due process claim. *See Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (when approaching a due process claim "[w]e first ask whether there exists a liberty or property interest of which a person has been deprived").

## CONCLUSION

We have reviewed all of the arguments raised by Diaz on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the August 27, 2018, March 28, 2019, and February 11, 2021 orders, and the July 30, 2019 order and judgment, of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court