*Shabazz v. Howard*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of June, two thousand twenty-four.

PRESENT:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> WILLIAM J. NARDINI,
> BETH ROBINSON,
> *Circuit Judges*.

_____

Michael Aziz Zarif Shabazz, AKA Michael A. Hurley,

> *Plaintiff-Appellant*,

> v.                                                          23-6471

T. Howard, R. Rhondo, B. Burdett,

*Defendants-Appellees,*

**Dabiew, Velie, D. Dumas, Lacy, Candi Atkinson, Mario D'Acevedo, AKA Acevedo, Rock, Lucien J. LeClaire, Richard Roy, John Doe, Brian Fischer, Jerry Roe (last name unknown), Richard Roe (last name unknown),**

*Defendants.*

_____

**FOR PLAINTIFF-APPELLANT:**     Michael Aziz Zarif Shabazz, pro se, Mount Vernon, NY.

**FOR DEFENDANTS-APPELLEES:**     Jonathan D. Hitsous, Assistant Solicitor General, New York State Office of the Attorney General, *for* Letitia James, Attorney General, State of New York, Albany, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Anne M. Nardacci, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Michael Aziz Zarif Shabazz, proceeding pro se, appeals from a judgment of the United States District Court for the Northern District of New York (Nardacci, *J.*) denying his motion for reconsideration, under Federal Rules of Civil Procedure 59 and 60(b), following a jury verdict in favor of Defendants-Appellees T. Howard, R. Rhondo, and B. Burdett. In relevant part, Shabazz's complaint asserts an Eighth Amendment excessive force claim under 42 U.S.C. § 1983 against Howard, Rhondo, and Burdett, corrections officers at the facility where Shabazz was formerly incarcerated.[1] This claim is based on an incident that occurred in 2009, in which Howard, Rhondo, and Burdett allegedly assaulted Shabazz while he was handcuffed, eventually breaking his left leg. After a trial on this claim,[2] a jury issued a verdict in favor of Howard, Rhondo, and Burdett. On appeal, Shabazz raises a variety of substantive and procedural

[1] Shabazz's other claims were dismissed before trial. While Shabazz purports to challenge the district court's dismissal of these claims on appeal, he merely requests that they be "reinstated." Appellant's Br. at 11 (emphasis omitted). Without further explanation as to the basis for this challenge, Shabazz's "oblique[] and . . . passing" reference to these claims does not allow for meaningful appellate review. *Gerstenbluth v. Credit Suisse Secs. (USA) LLC*, 728 F.3d 139, 142 n.4 (2d Cir. 2013). Accordingly, Shabazz "has waived any challenge to this aspect of the [d]istrict [c]ourt's judgment." *Id.*

[2] Shabazz was represented by counsel at trial.

challenges to the district court's judgment as well as its earlier orders denying Shabazz's motions to compel. For the following reasons, we hold that none of these challenges has merit. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

**I.      Motions to Compel**

Shabazz challenges the district court's denial of his motions to compel the defendants to produce certain unspecified videotapes and personnel files during discovery. As a preliminary matter, it is unclear whether Shabazz sought district-court review of the magistrate judge's discovery orders,[3] as he was required to do under Federal Rule of Civil Procedure 72(a). *See Caidor v. Onondaga Cnty.*, 517 F.3d 601, 605 (2d Cir. 2008) ("[A] *pro se* litigant who fails to object timely to a magistrate's order on a non-dispositive matter waives the right to appellate review of that order . . . .").

Even if we were to set aside Shabazz's waiver and review the district court's discovery rulings for abuse of discretion, we would find no denial affecting

---

[3] Shabazz has not identified which of the magistrate judge's discovery orders he is challenging on appeal.

Shabazz's "substantial rights." *In re Agent Orange Prod. Liab. Litig.*, 517 F.3d 76, 103 (2d Cir. 2008) (citation omitted). Shabazz fails to explain how the requested discovery, apart from the alleged video of the 2009 incident, would have been relevant to the issues at trial. And, as to the alleged video, Shabazz offers no basis, other than his own assertions, from which we could conclude that the video existed. Thus, the district court did not abuse its discretion in denying these discovery requests.

**II.    Jury Selection**

Shabazz raises three arguments pertaining to jury selection. First, he contends that the district court improperly barred a voir dire question about the outcome of the 2020 presidential election. Second, Shabazz argues that the district court erroneously permitted the defense to exercise a peremptory strike based on a prospective juror's race. Finally, Shabazz claims that the defense improperly struck two additional jurors due to their perceived political affiliation. We reject each of these arguments.

As to Shabazz's first argument about the proposed voir dire question, we review "[t]he content and quality of the voir dire" for abuse of discretion. *Pitasi*

5

*v. Stratton Corp.*, 968 F.2d 1558, 1563 (2d Cir. 1992). "[I]t is an abuse of discretion for the district court to refuse to probe the jury adequately for bias or prejudice about material matters on request of counsel." *Id.* (citations omitted). However, the district judge is "not required to ask every question that counsel . . . believes is appropriate." *United States v. Lawes*, 292 F.3d 123, 128 (2d Cir. 2002).

On this record, the district court's refusal to pose Shabazz's question about the 2020 presidential election was not an abuse of discretion. Shabazz's question, which would have probed prospective jurors' views about the legitimacy of the 2020 presidential election, was not directly related to any issues at trial. Moreover, the district court allowed Shabazz's attorney to ask other questions during voir dire that were probative of prospective jurors' political beliefs and affiliations. Thus, the voir dire in this case was not "so demonstrably brief and lacking in substance as to afford counsel too little information even to draw any conclusions about a potential juror's general outlook, experience, communication skills, intelligence, or life-style." *Id.* at 129.

Next, we address Shabazz's argument that the defense improperly exercised a peremptory strike based on a prospective juror's race. The rule of *Batson v.*

6

*Kentucky*, 476 U.S. 79 (1986)—that the use of racially-motivated peremptory challenges during jury selection is unconstitutional—applies in civil cases like this one. *See Edmonson v. Leesville Concrete Co., Inc.*, 500 U.S. 614, 630 (1991). Under *Batson*, district courts are required to follow "a three-step burden-shifting framework" for determining "whether a peremptory challenge is race-based." *Carmichael v. Chappius*, 848 F.3d 536, 545 (2d Cir. 2017) (citations omitted).

At the first step, the party objecting to the peremptory challenge (the "moving party") must make "a *prima facie* showing that the circumstances give rise to an inference that a member of the venire was struck because of his or her race." *Id.* (internal quotation marks and citations omitted). Next, the party seeking to exercise the peremptory strike (the "non-moving party") must provide a race-neutral explanation for the peremptory challenge. *Id.* To satisfy this burden, the non-moving party's proffered explanation "need not be persuasive, or even plausible." *Messiah v. Duncan*, 435 F.3d 186, 195 (2d Cir. 2006) (internal quotation marks and citation omitted). At the final step, the district court must evaluate if the moving party "has established purposeful discrimination." *Carmichael*, 848 F.3d at 545 (citation omitted). While the district judge is required to "explicitly

7

adjudicate the credibility of the non-moving party's race neutral explanations for peremptorily striking potential jurors," no "talismanic recitation of specific words" is required. *Messiah*, 435 F.3d at 198 (internal alterations adopted) (citations omitted). Rather, so long as the district court "unambiguous[ly] reject[s] [the] *Batson* challenge," there is an adequate ruling at step three. *Id.*

On appeal, the district court's "finding regarding the credibility of an attorney's explanation of the ground for a peremptory challenge is entitled to great deference." *Davis v. Ayala*, 576 U.S. 257, 271 (2015) (internal quotation marks and citations omitted). We will reverse those findings "only if the trial judge is shown to have committed clear error." *Id.*

The district court did not commit any such error here. During voir dire, Shabazz's attorney lodged the *Batson* challenge, asserting without explanation that the defense's peremptory challenge appeared to be based on race. In response, defense counsel explained that the challenged juror was the parent of a school counselor, which (in the defense's view) could prejudice her against the defense. The district court accepted this explanation, and while Shabazz may disagree with it, he did not develop the record further or otherwise show why the explanation

8

might be pretext for discrimination.[4]   Accordingly, there is no reversible error in the district court's rejection of the *Batson* challenge.

Finally, Shabazz argues that the district court improperly allowed the defense to strike two additional jurors based on their perceived political affiliation. Shabazz did not object to these peremptory strikes before the district court.   As a result, Shabazz has waived his ability to challenge them on appeal.   *See McCrory v. Henderson*, 82 F.3d 1243, 1245 (2d Cir. 1996) (holding that "the failure to object to an adversary's use of peremptory challenges until after the completion of jury selection waives the right to do so" on appeal).

Therefore, Shabazz has not identified any error in the district court's management of the jury selection process that warrants reversal or remand.

---

[4] We note that, in rejecting Shabazz's *Batson* challenge, the district court found that the defense had "laid adequate foundation" for the strike.   Trial Tr. at 53:21–22.   While the district court did not "explicitly adjudicate the credibility of" the defense's race-neutral explanation for the peremptory strike, *Messiah*, 435 F.3d at 198 (internal alteration adopted) (citation omitted), we do not interpret Shabazz's brief to dispute the adequacy of the district court's ultimate ruling on the *Batson* issue.   Even if Shabazz were making this argument, it would be without merit.   The district court's rejection of the *Batson* challenge was "unambiguous," *id.*, giving us no reason to reverse based on the district court's analysis at step three.

**III.     Rule 59 and 60(b) Motions**

Next, Shabazz challenges the district court's denial of his motion for reconsideration under Rules 59 and 60(b).   We review a district court's denial of post-judgment motions under Rules 59(a), 59(e), and 60(b) for abuse of discretion. *See Olson v. Major League Baseball*, 29 F.4th 59, 72 (2d Cir. 2022) (motion for reconsideration under Rules 59(e) and 60(b)); *Restivo v. Hessemann*, 846 F.3d 547, 569 (2d Cir. 2017) (motion for a new trial under Rule 59(a)).

Shabazz has not clearly articulated the basis for this challenge.   To the extent Shabazz seeks to incorporate arguments made in his motion for reconsideration below, these arguments have not been explicitly raised on appeal and are therefore abandoned.   *See Lederman v. N.Y.C. Dep't of Parks & Recreation*, 731 F.3d 199, 203 n.1 (2d Cir. 2013) ("Appellants do not preserve questions for appellate review by merely incorporating an argument made to the district court by reference in their brief.") (internal alteration adopted) (internal quotation marks and citation omitted).

Considering the arguments Shabazz has raised on appeal, we find no abuse of discretion in the district court's denial of his motion for reconsideration under

Rule 59(a). "A trial court should not grant a motion for a new trial unless it is convinced that the jury reached a seriously erroneous result or that the verdict is a miscarriage of justice." *Ali v. Kipp*, 891 F.3d 59, 64 (2d Cir. 2018) (internal alteration adopted) (internal quotation marks and citations omitted). Shabazz's arguments on appeal, which fail to identify any error or injustice in the jury verdict, do not satisfy this standard.

Nor did the district court err in denying Shabazz's motion under Rule 60(b). Shabazz claims that the testimony of Howard, Rhondo, and Burdett was "fraud[ulent]" or otherwise contained "misrepresentation[s]," entitling him to relief under Rule 60(b)(3). Fed. R. Civ. P. 60(b)(3). However, Shabazz offers only threadbare allegations—based entirely on similarities in the defendants' respective testimony, for which they offered plausible explanations to the jury at trial—in support of his argument that the defendants lied under oath or fabricated evidence. These "conclusory" allegations, made on Shabazz's own "information and belief" and without "a statement of clear and convincing probative facts which support such belief," are insufficient under Rule 60(b). *Madonna v. United States*, 878 F.2d 62, 66 (2d Cir. 1989) (citation omitted).

11

Finally, to the extent Shabazz raises an ineffective assistance of counsel claim, there is no constitutional guarantee of effective assistance of counsel in civil cases. *See United States v. Coven*, 662 F.2d 162, 176 (2d Cir. 1981). Therefore, this claim fails.

* * *

We have considered Shabazz's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

12