43 F.3d 1483
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Bill Ray GUINN, Plaintiff-Appellant,
v.
Robert L. HOECKER, Clerk, Defendant-Appellee.
 No. 94-1257.
 United States Court of Appeals,
 Tenth Circuit.
 Dec. 15, 1994.
 
 Before McWILLIAMS, BARRETT and LOGAN, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Bill Ray Guinn filed a civil rights action against Robert L. Hoecker, clerk of this court, alleging violation of his constitutional rights because the clerk would not give him a free copy of one page of a document in the record of appeal plaintiff lost in this court. Plaintiff allegedly wanted the page to assist him in preparing a petition for certiorari to the United States Supreme Court. The district court adopted the magistrate judge's recommendation that the case be dismissed because the action was brought under 42 U.S.C.1983, the defendant had immunity from civil rights actions while carrying out his responsibilities as clerk, and a claim involving fifty cents is so de minimis as not to rise to a constitutional violation.
 
 
 3
 Hoecker, of course, is a federal official and is not amenable to suit under 1983. He could be sued under Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), which recognizes a federal cause of action for a constitutional tort. Even construing this pro se complaint liberally to assert a federal civil rights violation, the dismissal was correct. In imposing copying charges, Hoecker was following the direction of the court itself, and hence has absolute immunity. See Gregory v. United States/United States Bankruptcy Court for Dist. of Colo., 942 F.2d 1498, 1500 (10th Cir.1991), cert. denied, 112 S.Ct. 2276 (1992). Further, if there is such a thing as a constitutional violation so de minimis as not to be recognizable, as we have held, see Artes-Roy v. City of Aspen, 31 F.3d 958, 962-63 (10th Cir.1994), this case, involving fifty cents, is surely it.
 
 
 4
 Plaintiff's principal error, however, is his apparent belief that an order granting leave to proceed in forma pauperis, without the payment of the "fees and costs" referenced in 28 U.S.C.1915(a), includes the right to have free copies of any documents in the record the indigent party desires. It does not; and the court's requirement that an indigent party obtain a court order waiving the copy fee by proving to a panel of judges plaintiff's need for a free copy is constitutional.
 
 
 5
 Plaintiff's "Motion For The Striking Of False And Misleading Statements Made In Bad Faith Within Appellee's Answer Brief, And For The Imposition Of Disciplinary Sanctions, And Award Of Pro se Attorney Fees For Defendant's Counsel's Abuse of Pleadings" and his request for a restraining order and injunction are denied.
 
 
 6
 AFFIRMED.
 
 
 7
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470