24-580-cv
Karupaiyan v. Experis US Inc.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of February, two thousand twenty-five.

PRESENT:
> DEBRA ANN LIVINGSTON,
> *Chief Judge,*
> WILLIAM J. NARDINI,
> STEVEN J. MENASHI,
> *Circuit Judges.*

_____

Palani Karupaiyan,

> *Plaintiff-Appellant*,

> v.                                                                24-580

Experis US Inc., ManpowerGroup US Inc, Jonas Prising, individually and in his official capacity as Chairman, CEO of the ManpowerGroup, Samantha Moore, individually and in her official capacity as Recruiting Lead of the Experis IT,

> *Defendants-Appellees*.

_____

FOR PLAINTIFF-APPELLANT:     Palani Karupaiyan, pro se,
Philadelphia, PA.

FOR DEFENDANTS-APPELLEES:     Lisa M. Griffith, Joseph Gusmano,
Littler Mendelson, P.C., Melville, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Lorna G. Schofield, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Palani Karupaiyan, proceeding pro se, sued Experis US, and others under Title VII, the Americans with Disabilities Act ("ADA"), the Age Discrimination in Employment Act ("ADEA"), the Genetic Information Nondiscrimination Act ("GINA"), and state and local law, asserting that the defendants failed to hire him because of his race, religion, age, disabilities, and genetic information. He also asserted a claim for intentional infliction of emotional distress ("IIED"). The district court dismissed the tort claims under Federal Rule of Civil Procedure 12(b)(6) as untimely, and granted summary judgment to the defendants on the discrimination claims because Karupaiyan failed to exhaust his GINA claim, was not in an employment relationship with the defendants, and applied for jobs as a corporate entity that was not entitled to protection under local law. *Karupaiyan v. Experis IT*, No. 21 Civ. 4675 (LGS), 2022 WL 4280529 (S.D.N.Y. Sept. 15, 2022) (granting motion to dismiss in part); *Karupaiyan v. Experis*

2

*US Inc.*, No. 21 Civ. 4675 (LGS), 2024 WL 1119476 (S.D.N.Y. Mar. 14, 2024) (granting summary judgment). On appeal, Karupaiyan argues that the district court erred by (1) dismissing his claim for intentional infliction of emotional distress as time-barred; (2) granting summary judgment in favor of defendants on his GINA claim for failure to exhaust; (3) granting summary judgment in favor of defendants on his Title VII, ADA, ADEA, and New York State Human Rights Law ("NYSHRL") claims because he was an applicant for an independent contractor position rather than for traditional employment; (4) granting summary judgment in favor of defendants on his New York City Human Rights Law ("NYCHRL") claim because he was indirectly employed through a third-party company; and (5) barring him from deposing the CEO of ManPowerGroup, barring him from personally recording his deposition of Samantha Moore, and further denying his request for pro bono counsel. His arguments are not availing.

We assume the parties' familiarity with the facts, the procedural history, and the issues on appeal.

## I.    Timeliness of the IIED Claim

"We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). "[S]ubmissions of a

3

pro se litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks omitted). The district court may consider documents attached to the complaint as exhibits or incorporated by reference. *Chambers*, 282 F.3d at 152–53.

The district court properly dismissed the IIED claim as untimely. New York has a one-year statute of limitations for intentional torts. N.Y. C.P.L.R. § 215(3). Karupaiyan alleged that the defendants refused to hire him in October 2017 but did not file his complaint until May 2021. Dist. Ct. Dkt. 34 at ¶ 72; Dist. Ct. Dkt. 34-1 at 5 Dist. Ct. Dkt. 2. This was well outside the one-year statute of limitations for intentional torts and was therefore untimely.

## II.    Exhaustion of GINA Claim

"We review a district court's grant of summary judgment *de novo*," "resolv[ing] all ambiguities and draw[ing] all inferences against the moving party." *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 126–27 (2d Cir. 2013) (per curiam). "Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)).

The district court properly granted summary judgment to the defendants on the

4

GINA claim because Karupaiyan failed to exhaust his claim. Plaintiffs asserting claims under GINA must first file a charge of discrimination with the EEOC. *See* 42 U.S.C. §§ 2000e-5(e) (requiring exhaustion of remedies through a charge filed with the EEOC), 2000ff-6(a)(1) (adopting, among other procedures, the exhaustion requirements of Title VII for the purposes of GINA). Karupaiyan filed a charge with the EEOC in April 2018. The charge complained of discrimination based on his race, color, sex, national origin, religion, age, and disability. Dkt. 45 at 144; Dist. Ct. Dkt. 101-5. It did not mention discrimination based on genetic information, and Karupaiyan did not check the box on the form for genetic information. Accordingly, Karupaiyan failed to exhaust this claim.

## III. Title VII, ADA, ADEA, and NYSHRL Claims

The district court also properly granted summary judgment on the Title VII, ADA, ADEA, and NYSHRL claims. "Title VII, by its terms, applies only to 'employees.'" *Salamon v. Our Lady of Victory Hosp.*, 514 F.3d 217, 226 (2d Cir. 2008) (quoting 42 U.S.C. § 2000e(f)). Similarly, the ADA, ADEA, and NYSHRL apply only to employees, not independent contractors.[1] *See Clackamas Gastroenterology Assocs., P.C. v. Wells*, 538 U.S. 440, 444–45 (2003) (applying common law agency principles to ADA); *Frankel v. Bally, Inc.*, 987 F.2d 86, 89 (2d Cir. 1993) (ADEA); *Eisenberg v. Advance Relocation & Storage, Inc.*, 237 F.3d 111, 113 (2d Cir. 2000) (NYSHRL).

---

[1] The NYSHRL was amended in 2019 to include independent contractors. *See* N.Y. Exec. Law § 296-d (amended 2019). However, Karupaiyan's claims predate the effective date of the amendment and nothing in the amendment indicates that it was meant to apply retroactively.

In refusal-to-hire cases, the discrimination statutes apply only to applicants for employment, not applicants for independent contractor positions. *Felder v. U.S. Tennis Assoc.*, 27 F.4th 834, 845 (2d Cir. 2022) (discussing Title VII). A plaintiff must establish "that if []he had been hired, h[is] relationship with the alleged employer would have been more like a traditional employee than like a traditional independent contractor." *Id.* (internal quotation marks and italics omitted). Thus, a plaintiff must show, "under common law agency principles, that h[is] alleged employer would have exerted control over the terms and conditions of h[is] anticipated employment by, for example, training, supervising, and disciplining h[im]." *Id.*

The Supreme Court enumerated a list of 13 non-exhaustive factors in *Community for Creative Non-Violence v. Reid*, 490 U.S. 730, 751–52 (1989) to determine whether a hired party is an employee, and we have held that courts should "place special weight on the extent to which the hiring party controls the 'manner and means' by which the worker completes her assigned tasks." *Salamon*, 514 F.3d at 227 (internal quotation marks omitted). The other factors include consideration of "the source of the instrumentalities and tools," "the duration of the relationship between the parties," "the extent of the hired party's discretion over when and how long to work," "the method of payment," and "the provision of employee benefits." *Reid*, 490 U.S. at 751–52.

Here, the evidence shows that Karupaiyan was not an applicant for traditional employment but an applicant for an independent contractor position. Samantha Moore,

6

the lead recruiter at Experis, stated that Experis assisted the New York City Department of Education ("DOE") hiring process by identifying relevant candidates and forwarding their resumes and references and that the DOE ultimately selected and hired the candidate. Dist. Ct. Dkt. 102 at ¶¶ 28–29, 31–35. Had Karupaiyan been selected by the DOE, Experis would not have controlled the "manner and means" of Karupaiyan's work, supervised him, provided him with tools or a workspace, or assigned him additional work. *Id.* at ¶¶ 106–09, 111. Once selected by the DOE, Karupaiyan could have negotiated his hours and schedule directly with the DOE and not Experis. *Id.* at ¶ 112. Finally, Karupaiyan would not have been paid directly by Experis; instead, Experis would have paid Karupaiyan Consulting via a "1099" form with no deductions or withholdings and Karupaiyan would not have been entitled to employment benefits. *Id.* at ¶ 113.

Although Karupaiyan testified at his deposition that Experis took his resume, interviewed him, and negotiated pay rates, Dkt. 45 at 132; Dist. Ct. Dkt. 101-2 at 11, such testimony does not undermine Moore's affidavit, which clarified the employment process and Karupaiyan's prospective role. Given that Experis had no control over Karupaiyan's prospective work or his hours, did not provide him with tools or a workspace, would not provide him employment benefits, and would have paid his consulting company through a 1099 form, Karupaiyan's prospective employment was that of an independent contractor, not a traditional employee. *See Reid*, 490 U.S. at 751–53; *Salamon*, 514 F.3d at 226–27.

7

## IV. NYCHRL Claim

The district court also properly granted summary judgment on the NYCHRL claim. The NYCHRL, during the relevant period, protected independent contractors from discrimination when such contractors were "natural persons."[2] N.Y.C. Admin. Code § 8-102 ("natural persons working as independent contractors in furtherance of an employer's business enterprise shall be counted as persons in the employ of such employer"); *see also O'Neill v. Atlantic Security Guards, Inc.*, 250 A.D.2d 493, 493 (1st Dep't 1998) (plaintiff could not state NYCHRL claim where "dispositive documentary evidence showed him to have been an independent contractor and to have acted as such through a corporation, and an independent contractor can only be an 'employee' for purposes of the City employment discrimination ban if a natural person"). Therefore, a worker cannot bring a NYCHRL claim if he was indirectly employed through a third-party corporation. *See O'Neill*, 250 A.D.2d at 493. Here, Karupaiyan failed to establish a NYCHRL claim because he sought employment as a corporation, Karupaiyan Consulting, not as a natural person. Dist. Ct. Dkt. 102 at ¶¶ 97, 113.

---

[2] The district court noted that the NYCHRL was amended effective January 2020 to cover independent contractors without limiting those contractors to natural persons. *See* N.Y.C. Admin. Code § 8-107(23); N.Y.C. Comm'n on Human Rights, *Protections for Independent Contractors & Freelancers from Discrimination and Harassment*, https://www.nyc.gov/assets/cchr/downloads/pdf/materials/Independent_Contractor_One_Pager .pdf (last accessed Dec. 16, 2024). There is no language in the amendment indicating that it applies retroactively. Therefore, it does not apply to Karupaiyan's claims, which accrued in 2017.

## V. Discovery Issues and Denial of Pro Bono Counsel

Karupaiyan challenges the district court's decisions to grant a protective order barring him from deposing Jonas Prising, the CEO ManpowerGroup, and to deny him a court reporter to depose Samantha Moore.   Dkt. 41 at 30–36.   We review discovery and protective orders for abuse of discretion.   *See SEC v. Ahmed*, 72 F.4th 379, 394 (2d Cir. 2023); *Lederman v. N.Y.C. Dep't of Parks & Recreation*, 731 F.3d 199, 202 (2d Cir. 2013).

We find no abuse of discretion here.   Karupaiyan sought to depose Jonas Prising, the CEO of Experis' parent corporation, but Prising had no personal knowledge of Karupaiyan's employment application, and Samantha Moore would have been able to provide all the same information.   *See* Dist. Ct. Dkt. 70 at 2; Dist. Ct. Dkt. 68 at 2. Because Moore had personal knowledge of the relevant issues, the district court did not abuse its discretion by granting a protective order.   *Cf. Lederman*, 73 F.3d at 203 ("We now hold that, to depose a high-ranking government official, a party must demonstrate exceptional circumstances justifying the deposition—for example, that the official has unique first-hand knowledge related to the litigated claims or that the necessary information cannot be obtained through other, less burdensome or intrusive means.").

Karupaiyan also moved to personally record Moore's deposition or for a court reporter at court expense.   However, under Federal Rule of Civil Procedure 30, the party noticing the deposition bears the recording costs.   Fed. R. Civ. P. 30(b)(3)(A).   And a

deposition must be conducted before an officer authorized to administer oaths. Fed. R. Civ. P. 30(b)(5)(A); *see also* Fed. R. Civ. P. 28(a). Karupaiyan's in forma pauperis status guaranteed that his action could proceed "without prepayment of fees," 28 U.S.C. § 1915(a), but it did not relieve him of other costs of litigation, *see, e.g., Guinn v. Hoecker*, 43 F.3d 1483 (10th Cir. 1994) (Table) (concluding that litigant was not entitled to free copies of records despite in forma pauperis status).

We also conclude that the district court did not abuse its discretion by declining to appoint pro bono counsel. Especially, given the subsequent history—that several of Karupaiyan's claims did not survive a motion to dismiss and the remainder failed on summary judgment—the district court's conclusion that his claims likely lacked substance was not erroneous. *See Ferrelli v. River Manor Healthcare Ctr.*, 323 F.3d 196, 203 (2d Cir. 2003) ("In deciding whether to appoint counsel, . . . the district judge should first determine whether the indigent's position seems likely to be of substance." (quoting *Hodge v. Police Officers*, 802 F.3d 58, 61–62 (2d Cir. 1986)).

We have considered Karupaiyan's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

10