Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| FRANCIS & GUEITS LAW OFFICES, P.S.C., CHRISTIAN J. FRANCIS MARTÍNEZ<br><br>Recurrido<br><br>v.<br><br>MUNICIPIO AUTÓNOMO DE CAGUAS, WILLIAM E. MIRANDA TORRES, ALEX M. RIVERA LONGCHAMPS y otros<br><br>Peticionarios | TA2025CE00729 | *CERTIORARI*<br>Procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso Núm.: CG2024CV03364<br><br>Sobre: Cobro de Dinero, Interferencia Torticera, Libelo, Calumnia o Difamación, Incumplimiento de Contrato |

Panel integrado por su presidenta, la Juez Brignoni Mártir, la Jueza Álvarez Esnard y la Jueza Prats Palerm.

Álvarez Esnard, jueza ponente

## SENTENCIA

En San Juan, Puerto Rico, a 8 de diciembre de 2025.

Comparece ante nos el Municipio Autónomo de Caguas ("Municipio o "Peticionario") mediante *Petición de Certiorari* presentada el 5 de noviembre de 2025. Nos solicita la revocación de la *Orden* emitida y notificada el 30 de septiembre de 2025 por el Tribunal de Primera Instancia, Sala Superior de Caguas ("foro primario" o "foro *a quo*"). Por virtud del aludido dictamen, el foro primario denegó la solicitud de orden protectora interpuesta por el Peticionario, la cual solicitaba prevenir que se tomara una deposición al alcalde del Municipio, Hon. William Miranda Torres ("Alcalde" o "señor Miranda Torres").

Por los fundamentos que expondremos a continuación, **expedimos** el auto de *certiorari* presentado y **confirmamos** la determinación recurrida.

**I.**

Conforme se desprende del expediente ante nos, el 11 de septiembre de 2024, Francis & Gueits Law Offices, P.S.C., (Francis & Gueits" o "la firma") y el Lcdo. Christian Francis Martínez, por derecho propio, ("Lcdo. Francis") (en conjunto los "Recurridos"), presentaron *Demanda* sobre terminación de contrato, indemnización de perjuicios, cobro de dinero, interferencia torticera con relaciones contractuales, celebración de un contrato en daño de tercero, difamación, libelo, entre otras causas de acción.[1] Dicha *Demanda* se radicó contra el Municipio, el Alcalde, tanto en su capacidad personal y oficial,[2] el señor Alex Rivera Longchamps por sí y en representación de la Sociedad Legal de Bienes Gananciales compuesta con la señora Anilda Rosa Montañez; la señora Mónica Vega Conde; City Renewall LLC; el señor Luis Vázquez García por sí y en representación de la Sociedad Legal de Bienes Gananciales compuesta con la señora Leida Ramos Merced; el señor Roberto Carrasquillo Ríos, el señor Mario Manrique González, y otros demandados de nombre ficticio.[3]

---

[1] Véase, SUMAC TPI, Entrada 1

[2] El 13 de diciembre de 2024, notificada el 16 de diciembre del mismo año, el foro primario emitió *Resolución Sobre Moción de Desestimación por Inmunidad Condicionada* en la que dispuso lo siguiente:

> Ante el hecho de la Demanda no imputa conducta alguna al alcalde en su capacidad personal, y todas las alegaciones de la conducta impropia del alcalde como funcionario público y están basadas en prueba de referencia, en esta etapa de los procedimientos, estimamos procedente declarar Ha Lugar, sin perjuicio, la Moción de Desestimación por Inmunidad Condicionada del Hon. William Miranda Torres, dejando el espacio para que la responsabilidad personal del funcionario pueda volverse a plantear del descubrimiento de prueba revelar que así lo amerita.

Véase, SUMAC TPI, Entrada 70.

[3] Cabe aclarar que, el foro primario desestimó la causa de acción contra Alex Rivera Longchamps, Anilda Rosa Montañez y la Sociedad Legal de Bienes Gananciales compuesta ambos mediante *Sentencia Parcial*; Véase, SUMAC TPI, Entrada 152. Además desestimó mediante dictámenes separados, la causa de acción incoada contra la señora Mónica Yvette Vega Conde, SUMAC TPI, Entrada 161; Luis Vázquez García por sí y en representación de la Sociedad Legal de Bienes Gananciales compuesta con Leida F. Ramos Merced, SUMAC TPI, Entrada 150, y Mario Manrique González, SUMACT TPI, Entrada 149. Todas estas determinaciones fueron apeladas ante esta Curia. No empece lo anterior, el 14 de noviembre de 2025, este Tribunal de Apelaciones confirmó los dictámenes previamente mencionados.

Por virtud de esta, los Recurridos alegaron que el 11 de mayo de 2021, el Municipio pactó un contrato de servicios profesionales con Francis & Gueits. Alegaron que se contrató a la firma para que se "encargara de realizar las investigaciones necesarias previo a también presentar ante el Tribunal las reclamaciones de expropiación forzosa de bienes inmuebles declarados como estorbos públicos".[4] Argumentaron que no empece a lo anterior, tras una investigación interna por parte del Municipio, el contrato pactado fue cancelado. En lo pertinente, aludieron que surgieron varias controversias en torno a como debían manejarse los casos de estorbo público ante el Tribunal. Sin embargo, los Recurridos sostuvieron que la cancelación del contrato obedeció a discrimen político en contra del Lcdo. Francis y un presunto esquema fraudulento efectuado por el Municipio.

Surge de las alegaciones que el señor Miranda Torres sostuvo una conversación con el señor Francis respecto al desempeño de la firma en el manejo de los casos que se le asignaron. En concreto, esbozaron que "[e]l alcalde le expresó al Lcdo. Christian J. Francis Martínez que él tenía conocimiento de que él no había hecho nada malo, todo lo contrario, pero que tenía que dejarse llevar por su gente ya que la prioridad era su imagen ante los ataques de la prensa".[5] Asimismo, de la *Demanda* se destacan las siguientes alegaciones contra el Alcalde:

> El Alcalde William Miranda Torres actuó de forma crasamente negligente y también faltó a su deber de supervisión de su asesora ejecutiva Mónica Y. Vega Conde al:
>
> [...]
>
> e. el Alcalde William Miranda Torres obrar de forma crasamente negligente, dolosa y desplegando mala fe, al terminar unilateralmente el contrato de servicios suscrito por el municipio con Francis & Gueits Law Offices, sabiendo que dicha terminación tendría un efecto adverso en los casos que se ventilaban en el

---

[4] Véase, SUMAC TPI, Entrada 1, pág. 5.
[5] Véase, SUMAC TPI, Entrada 1, pág. 39.

Tribunal, en los terceros adquirentes, en la municipalidad y en Francis & Gueits Law Offices;

f. el Alcalde William Miranda Torres obrar de forma crasamente negligente, dolosa y desplegando mala fe, al terminar unilateralmente el contrato de servicios suscrito por el municipio con Francis & Gueits Law Offices, sabiendo que el término del contrato era de 4 años y el intento de terminación unilateral constituiría un incumplimiento de contrato de parte del Municipio Autónomo de Caguas;

g. el Alcalde William Miranda Torres obrar de forma crasamente negligente, dolosa y desplegando mala fe, al terminar unilateralmente el contrato de servicios suscrito por el municipio con Francis & Gueits Law Offices sin causa y sin pagar por los servicios brindados hasta ese momento, enriqueciendo de forma injusta al Municipio Autónomo de Caguas a expensas de los recursos y trabajos desempeñados por Francis & Gueits Law Offices;[6]

Así las cosas, tras varios trámites procesales, el 29 de septiembre de 2025, el Municipio presentó *Moción en Solicitud de Orden Protectora*.[7] Mediante esta, informó que durante el intercambio de comunicaciones para coordinar el calendario del descubrimiento de prueba, los Recurridos requirieron que el Alcalde compareciera a una deposición para que este declarara. Explicó que, acto seguido, el 16 de septiembre de 2025, le remitió una misiva a los Recurridos en la que objetó la toma de deposición al señor Miranda Torres. Agregó que, en la mencionada comunicación, esbozó que no existía fundamento para que las funciones administrativas del Alcalde fueran interrumpidas. Además, en la aludida comunicación, el Municipio arguyó que dicho mecanismo de descubrimiento de prueba podía ser dirigido a otros funcionarios.

Cónsono con lo anterior, el Municipio explicó que los Recurridos respondieron a esta misiva y puntualizaron que las objeciones debían reservarse para la deposición. En respuesta a este argumento, el Municipio aludió que el 17 de septiembre de 2025, le apercibió a los Recurridos que tenían con cumplir con la Regla 34 de Procedimiento Civil, 32 LPRA Ap. V, R 34, previo a

---

[6] Véase, SUMAC TPI, Entrada 1, págs. 60-61.
[7] Véase, SUMAC TPI, Entrada 239.

recurrir al Tribunal para solicitar cualquier remedio. No obstante, sostuvo que, en contravención a la referida Regla 34 de Procedimiento Civil, *supra,* los Recurridos presentaron *Moción Informativa y Solicitud de Orden* en la que abordaron el asunto de las objeciones levantadas por el Municipio entorno a la deposición. El Peticionario esgrimió que examinado dicho escrito, el foro primario le concedió un término de cinco (5) días para responder a los solicitado por los Recurridos.

Como corolario de lo anterior, el Municipio puntualizó que los Recurridos "ha[n] omitido establecer, antes de requerir su comparecencia, que: 1) el Honorable Alcalde tiene conocimiento personal sobre el asunto en controversia; 2) que no existen oficiales adicionales que pueda proveer la misma información; 3) que la citación no va a interferir con los deberes del Hon. Miranda Torres".[8] Por ende, el Peticionario destacó que los Recurridos no lograron demostrar fundamento alguno que justificara la deposición del Alcalde.

En respuesta a este escrito, el 30 de septiembre de 2025, los Recurridos instaron *Oposición a Solicitud de Orden Protectora.*[9] Al amparo de este escrito, esgrimieron que el Alcalde ordenó personalmente investigaciones de índole administrativa sobre la contratación y manejo de estorbos público. Detallaron, que de igual forma, el señor Miranda Torres le reconoció expresamente al Lcdo. Francis que Francis & Gueits realizaron un buen trabajo, lo que contradecía los señalamientos de su propio investigador. En esa dirección, los Recurridos argumentaron que el Alcalde "[a]való, con conocimiento personal y firmó la carta de terminación contractual, reconociendo las obligaciones de pago de honorarios y gastos incurridos y, sin embargo, no ordenó que se hicieran los

---

[8] Véase, SUMAC TPI, Entrada 239, pág. 8.
[9] Véase, SUMAC TPI, Entrada 247.

desembolsos, lo que constituye una omisión activa imputable únicamente a su autoridad decisional".[10] Por consiguiente, aludieron que en este caso, era meritorio tomarle la deposición al Alcalde pues, los actos previamente mencionados "emanan de la esfera decisional y personalísima del primer ejecutivo municipal".[11]

Evaluada las posturas de las partes, el 30 de septiembre de 2025, el foro primario emitió y notificó *Orden*, mediante la cual dispuso lo siguiente:

> Deben presentar moción en conjunto informando la fecha de la deposición, la cual deberá llevarse a cabo no más tardel [sic] del 15 de diciembre de 2025, en el término de 3 días.
>
> De incumplir con las órdenes del tribunal, se impondrán severas sanciones económicas o hasta la eliminación de las alegaciones de la parte demandada.[12]

En cumplimiento con lo ordenado, el Municipio, la parte codemandada Roberto Carrasquillo Ríos y los Recurridos presentaron *Moción Conjunta en Cumplimiento de Orden*.[13] Por virtud de esta, informaron que, pese a realizar gestiones para que la deposición se llevara a cabo antes del 15 de diciembre de 2025, notificaron que el 17 y 22 de diciembre de 2025 eran fechas hábiles para que se llevara a cabo la misma. Así las cosas, el 3 de octubre de 2025, notificada el 6 de octubre del mismo año, el foro primario emitió *Orden* en la que dispuso lo siguiente:

> Las partes tienen que tomar esa deposición en las fechas informadas: 17 y 22 de diciembre [sic] de 2025.
>
> El incumplimiento con esta orden conllevará la imposición de severas sanciones, la desestimación de la causa de acción y/o la eliminación de las alegaciones a la parte demandada.[14]

No empece lo anterior, el 7 de octubre de 2025, el Municipio presentó *Moción en Solicitud de Reconsideración de Orden*.[15] Mediante esta, sostuvo que en el presente pleito no existían

---

[10] Véase, SUMAC TPI, Entrada 247, pág. 2
[11] Véase, SUMAC TPI, Entrada 247, pág. 8.
[12] Véase, SUMAC TPI, Entrada 250.
[13] Véase, SUMAC TPI, Entrada 263.
[14] Véase, SUMAC TPI, Entrada 264.
[15] Véase, SUMAC TPI, Entrada 265.

circunstancias excepcionales que justificaran tomarle una deposición al Alcalde. Es mismo día, el foro primario declaró No Ha Lugar la solicitud de reconsideración instada por el Peticionario.[16]

Aun inconforme, el 5 de noviembre de 2025, el Municipio compareció ante esta Curia mediante el recuso de epígrafe, y formuló el siguiente señalamiento de error:

> Erró el Tribunal de Primera Instancia al denegar la solicitud de Orden Protectora del Peticionario y ordenar la deposición de miranda torres a pesar de que los recurridos no cumplieron, en momento alguno, con el estándar aplicable a examinaciones orales de funcionarios gubernamentales de alto rango.

El 10 de noviembre de 2025, esta Curia emitió *Resolución* en la cual se le concedió hasta el 17 de noviembre de 2025 a la parte Recurrida para que mostrara causa por la cual no se debía expedir el auto de *Certiorari*. Oportunamente, el 14 de noviembre de 2025, la parte Recurrida compareció mediante *Oposición a Petición de Certiorari*. Con el beneficio de la comparecencia de ambas partes, procedemos a exponer la normativa jurídica aplicable a la controversia objeto del recurso de epígrafe.

## II.
### A. Certiorari

"[U]na resolución u orden interlocutoria, distinto a una sentencia, es revisable mediante *certiorari* ante el Tribunal de Apelaciones". *JMG Investment v. ELA et al.*, 203 DPR 708, 718 (2019). El recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un foro inferior. *Rivera et al. V. Arcos Dorados et al.,* 212 DPR 194, 207 (2023). Véase, además, *Torres González v. Zaragoza Meléndez,* 211 DPR 821 (2023).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R.52.1, establece que el recurso de *certiorari* solo se expedirá cuando se recurra de (1) una resolución u orden sobre remedios provisionales

---

[16] Véase, SUMAC TPI, Entrada 266.

o *injunction* o (2) la denegatoria de una moción de carácter dispositivo. Por excepción, se puede recurrir también de: (1) decisiones sobre la admisibilidad de testigos o peritos; (2) asuntos de privilegios; (3) anotaciones de rebeldía; (4) en casos de relaciones de familia, o (4) en casos que revistan interés público. *Íd.* De igual manera, puede revisarse "cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia". *Íd.* Los límites a la facultad revisora del foro apelativo tienen como propósito evitar la dilación que causaría la revisión judicial de controversias que pueden esperar a ser planteadas a través del recurso de apelación. *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478, 486-487 (2019).

No obstante, la discreción del tribunal apelativo en este aspecto no opera en un vacío ni en ausencia de parámetros. *BPPR v. SLG Gómez-López*, 213 DPR 314, 337 (2023). La Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025), señala los criterios que se deben tomar en consideración al evaluar si procede expedir un auto de *certiorari*. *Íd*. Estos criterios son:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

El Tribunal Supremo ha expresado que la discreción es "una forma de razonabilidad aplicada al discernimiento judicial para

llegar a una conclusión justiciera". *Mun. De Caguas v. JRO Construction*, 201 DPR 703, 712 (2019). No obstante, "[a]l denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión". 32 LPRA Ap. V, R. 52.1.

### B. Orden Protectora

La Regla 23.2 de Procedimiento Civil reconoce a los tribunales la facultad de emitir órdenes protectoras para limitar o condicionar el descubrimiento de prueba. A solicitud de parte, o a iniciativa propia, el tribunal puede limitar el alcance del descubrimiento si determina:

> (i) que la prueba que se pretende descubrir es un duplicado de otra prueba o es irrazonablemente acumulativa; (ii) *que la prueba puede obtenerse mediante otra forma más conveniente, menos onerosa y costosa para la parte a quien se le solicita*; (iii) *que la parte que solicita la prueba haya tenido oportunidad de obtenerla*, o (iv) que los costos para obtener la prueba exceden el beneficio que ésta puede aportar al caso. 32 LPRA Ap. V, R. 23.2(a)(Énfasis suplido).

A esos efectos, puede "emitir cualquier orden que se requiera en justicia para proteger a dicha parte o persona de hostigamiento, perturbación u opresión, así como de cualquier molestia o gasto indebido". 32 LPRA Ap. V, R. 23.2(b). No obstante, "[e]l aumento de casos complejos ante los Tribunales ha forzado otro enfoque complementario a las órdenes protectoras". R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil*, 6ta ed., San Juan, LexisNexis, 2017, pág. 344. Este enfoque pretende evitar el abuso del descubrimiento de prueba para efectos de violentar los principios procesales que rigen nuestro procedimiento civil, entiéndase la administración de la justicia orientada la resolución económica, rápida y eficaz de las controversias. *Íd.*, págs. 344-345; 32 LPRA Ap. V, R. 1.

### C. Citación de Oficiales Gubernamentales de Alto Rango

Por el momento, el Tribunal Supremo de Puerto Rico no se ha expresado sobre la aplicación de la doctrina de derecho común respecto a las órdenes de comparecencia compulsoria de oficiales gubernamentales de alto rango. No obstante, en este Foro, cuyos dictámenes tienen un valor altamente persuasivo en nuestra jurisdicción, hemos adoptado expresamente en varias instancias la doctrina federal. *Véase, Castro Urbina v. Optima Seguros,* KLCE202001161 (17 de junio 2021); *Metro Puerto Rico, LLC v. Depto. Seguridad Pública,* KLCE201800624 (9 de mayo de 2018); *Rodríguez v. Mun. de Bayamón,* KLCE201201666 (5 de abril de 2013).

A partir de la decisión de *U.S. v. Morgan,* 313 U.S. 409 (1941), ciertas jurisdicciones de Estados Unidos han reconocido que existe una clara política judicial de prohibir, limitar y/o evitar las deposiciones y citaciones de oficiales gubernamentales de alto rango, salvo que existan circunstancias excepcionales que lo requieran. *Véase, por ejemplo, Lederman v. New York City Dep't of Parks & Recreation,* 731 F.3d 199, 203 (2do Cir. 2013); *Bogan v. City of Bos.,* 489 F.3d 417, 423 (1er Cir. 2007). Incluso, los foros federales han extendido esta normativa a exoficiales gubernamentales. *Véase, por ejemplo, U.S. v Sensient Colors, Inc.,* 646 F.Supp.2d 309, 316 (D. N. J. 2009).

Como corolario de lo anterior, hemos establecido que la citación de oficiales de gobierno para testificar en un proceso judicial no procede salvo que se acrediten circunstancias excepcionales *previo* a la citación. A esos efectos, la parte promovente debe establecer que concurren las siguientes condiciones: (1) que la persona citada tenga conocimiento *personal* sobre el asunto en controversia; (2) que no existan oficiales adicionales que pueda proveer la misma información; y (3) que la

citación no interferirá con los deberes y responsabilidades inherentes al cargo que ocupa esa persona. *Véase U.S. v Sensient Colors, Inc., supra* (*citado en Metro Puerto Rico, LLC v. Depto. Seguridad Pública, supra*).

### D. Manejo del Caso

El efectivo funcionamiento de nuestro sistema judicial, y la rápida disposición de los asuntos litigiosos, requieren que los jueces de instancia tengan gran flexibilidad y discreción para lidiar con el diario manejo y tramitación de los asuntos judiciales. *BPPR v. SLG Gómez-López,* 213 DPR 314, 333-334, (2023) citando a *In re Collazo I,* 159 DPR 141, 150 (2003). Es por ello, que a éstos se les ha reconocido poder y autoridad suficiente para conducir los asuntos litigiosos ante su consideración y para aplicar correctivos apropiados en la forma y manera que su buen juicio les indique. *Íd.*

Cónsono con lo anterior el Tribunal de Primera Instancia tiene el deber ineludible de garantizar que los procedimientos se ventilen sin demora, con miras a que se logre una justicia rápida y eficiente. *In re Pagani Padró,* 181 DPR 517, 529 (2011). Como regla general, los foros revisores no intervendrán con el manejo del caso ante la consideración del foro primario. *Citibank et al. v. ACBI et al.,* 200 DPR 724, 736 (2018). Siendo así, el Tribunal Supremo ha manifestado, que los tribunales apelativos no deben intervenir con determinaciones emitidas por el foro primario y sustituir el criterio utilizado por dicho foro en el ejercicio de su discreción, salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad, incurrió en craso abuso de discreción, o que incurrió en error manifiesto. *Pueblo v. Rivera Montalvo,* 205 DPR 352, 373 (2020). El ejercicio adecuado de la discreción judicial se relaciona de manera estrecha con el concepto de razonabilidad. *VS PR, LLC v. Drift-Wind,* 207 DPR 253, 273 (2021).

**III.**

En el presente caso, el Municipio nos solicita la revocación de la *Orden* emitida el 30 de septiembre de 2025 por el foro primario en la que denegó una solicitud de orden protectora que solicitaba que el Alcalde no fuese sometido a una deposición. Así pues, como único señalamiento de error, esbozan que los Recurridos incumplieron con el estándar para que un funcionario de alto rango se someta a exámenes orales. No le asiste la razón.

Nuestro ordenamiento jurídico reconoce la existencia de una política judicial de limitar las citaciones o deposiciones a oficiales gubernamentales de alto rango **salvo la existencia de circunstancias excepcionales**. Por ello, la citación de este tipo de funcionario para testificar en un **proceso judicial no procede** salvo **se acrediten circunstancias extraordinarias** previo a la citación. Para ello, la parte que desee citar a un funcionario de alto rango a una deposición deberá demostrar que: (1) que la persona citada tenga conocimiento **personal** sobre el asunto en controversia; (2) que no existan oficiales adicionales que pueda proveer la misma información; y (3) que la citación no interferirá con los deberes y responsabilidades inherentes al cargo que ocupa esa persona.

Se desprende del expediente del caso, que los Recurridos mediante las comunicaciones que han sostenido con el Municipio han aludido a las circunstancias puntuales que ameritan el señor Miranda Torres deba participar en una deposición. En la oposición a la orden protectora solicitada por el Municipio, los Recurridos, puntualizaron que el Alcalde "ordenó personalmente investigaciones administrativas sobre la contratación y manejo de casos de estorbos públicos",[17] sostuvo una conversación con el Lcdo. Francis respecto al desempeño del manejo de los casos de

---

[17] Véase, SUMAC TPI, Entrada 247, pág. 2.

estorbo público y firmó la culminación de la relación contractual con la firma, pero no ordenó los desembolsos correspondientes.

Somos del criterio que los asuntos previamente mencionados, son de **conocimiento personal** del Alcalde. En armonía con lo anterior, la información en torno a estas circunstancias solo puede *ser provista por el señor Miranda Torres* y no por otro funcionario. De igual forma, cónsono con lo previamente esbozado, entendemos que la comparecencia del Alcalde para declarar respecto a los asuntos que lo involucran en la *Demanda,* no interfieren significativamente con sus deberes como primer mandatario municipal.

En fin, conforme a los documentos que obran en los autos, colegimos que los Recurridos han justificado que, **a la luz del contexto particular de la presente controversia**, en el presente caso, existen circunstancias excepcionales que justifican la toma de deposición al Alcalde Miranda Torres. en este caso. A la luz de los fundamentos esbozados, concluimos que el foro primario no incidió al permitir la aludida deposición.

**IV.**

Por los fundamentos previamente esbozados, **expedimos** el auto de *certiorari*, y **confirmamos** el dictamen recurrido.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones